PROVOSTY, J.
P. C. Viguerie applied for .and obtained the appointment of a receiver to the Mrs. E. D. Burguieres Planting Company, Limited. On appeal by the company, the appointment was set aside, and Viguerie was condemned to pay the costs. The company then itself applied for a receiver, and the same person was appointed who had been appointed at the instance of Viguerie. This receiver filed his final account. One of the items of the account was a charge, where.of the amount was indeterminate, in favor of himself for his fee under the first, or Vigu-,erie, appointment as receiver. Viguerie filed s. general opposition to this account, in these words:
“Denies the correctness of the items therein ■set out, and requires strict and legal proof to all the items therein set forth.”
The judge fixed the said fee of the receiver at $4,000. Viguerie moved to set aside this action of the court. His motion reads as follows:
“Now to this honorable court again appears Prank C. Viguerie, who has filed regularly his opposition to the final account of the receiver in the above receivership matter, and shows unto the court:
“That he has just discovered on the minutes of your honorable court, of date October 28, 1908, the following minute entry:
“ ‘12,138. In the Matter of the Receivership of the Mrs. E. D. Burguieres Planting Co., Ltd. Judgment rendered fixing fee of receiver at $4,000.’
“Your mover now shows that this judgment has never yet been signed, and that the order herein rendered should be vacated and set aside, and a trial had thereon contradictorily with the parties in interest before the amount of the receiver’s fee is fixed herein, and for reason why said order should be vacated and set aside, he shows the following:
“(1) That he has filed an opposition herein, in which he opposes each and every item on the account, and that no item upon the account could be approved, or the amount fixed without giving your opponent an. opportunity to be heard upon said question.
“(2) That the said order was rendered ex parte without the case being set down for trial, and was rendered without a hearing upon the final account, or without the introduction of any evidence whatever as to the value of the services rendered by the said receiver.
“(3) That, as the said receiver did not name any amount claimed by him'for his services, the presumption is that he expected to have his fee fixed upon a quantum meruit, in which event each and every opponent would have had the right to have been heard and to administer his proof as to the value of said services. All of which was denied the said opponent herein, he or his attorney having no knowledge whatever of the application to have a judgment rendered as to this item.
“That as the final account of said receiver was filed, and as same was opposed throughout by your opponent, then the court is without authority to take up and decide the correctness of any one item without a hearing upon the whole account, and especially is this the case when the opponents are not notified of any application to have the court thus fix the fees.
“Wherefore he prays that the ex parte order rendered by your honorable court on October 28, 1908, as it appears upon the minutes of said date, fixing the fee of Wilson McKerral, Sr., receiver, at four thousand dollars, be vacated and set aside, and that the said amount to be fixed as fee of the receiver be determined upon the final trial of the opposition to the final account filed by said receiver, and that your opponent then be given an opportunity to he heard upon the said item and all other items opposed by him in said account.”
The court denied this motion, assigning the following reasons:
“Plaintiff in this motion gives as a reason, why this judgment, or as he states it, should, be vacated, is because it was rendered without a hearing .upon the final account, of which it formed an item, and against his opposition *605 thereto, without the introduction of any evidence as to the value of the service rendered, that he or his attorney had no knowledge whatever of the application to have a judgment rendered as to this item, that it was an ex parte proceeding, and that the court had no authority to decide on the correctness of any one item without a hearing on the whole account. This motion was submitted on the face of the papers, and a reading of the papers does not sustain the mover in the relief he asks. The account shows that the mover did not oppose the receiver’s fees claimed (to be fixed), did not deny the right to fix these fees, but only contended that he (Viguerie) could not be forced to pay these fees. During the month of October, 1908, the attorney of the receiver moved in open court that the judge fix the fees of the receiver on the ground that there had been no opposition to the receiver’s account asking for the fixing of this fee. The judge asked whether the submission of this question was a matter of consent, or did the attorney of the opponent object to the submission. One of the attorneys was present, and another, who occupied with them, consulted together, and one shook his head. I said that I would not consider the matter unless there was no opposition. It was therefore submitted without objection. When a matter is submitted for judgment to the court by both parties, or with the knowledge in their presence, and without objection, it cannot be an ex parte order. The court in matters like this one has the power to fix the fees of a receiver, especially when there is no objection, and when the court has had the matter submitted to it without an objection and without introducing evidence. The complaint that mover had no notice of the application is an error, because his attorney was present and heard the application made. This is an interlocutory judgment, and such judgments need not be signed.”
The court refused to grant an appeal from this judgment, or from the order fixing the fee of the receiver; and Viguerie gave notice that he would apply to this court for a mandamus.
It was Judge A. C. Allen who thus refused to set aside the order fixing the fee of the receiver, and refused an appeal; and the date was December 8th. Two days later, on the 10th, Judge Allen went out of office, and Judge.Charles A. O’Niell went in; and Vigu-erie renewed his application for an appeal, and was joined this time by the Mrs. E. D. Burguieres Planting Company, Limited. Judge O’Niell denied the application, and the ^matter which this court is now called upon to decide is whether he shall be ordered to grant it.
In his return to the rule nisi, Judge O’Niell says that he felt that—
“having no greater authority than his predecessor, he should not be called upon to review the action of his predecessor, especially when resort had already been had to tins honorable court’s supervisory powers to review such action.”
Judge O’Niell 'embodies in his return the reasons of Judge Allen for refusing the appeal. They are that the said order fixing the amount of the fee of the receiver is res judicata of nothing, and binds no one; that the amount of said fee remains open to opposition; and that Viguerie is without interest to contest said fee, the question of whether the said fee is payable by him or by the receivership not having yet been determined. ‘
We think the said order fixing the amount of the fee is an interlocutory judgment binding upon all parties to the proceeding in the course of which it was made, and that as such it is appealable. Cary v. Richardson, 35 La. Ann. 505. In effect, the question of what the amount of said fee should be was submitted to the decision of the court, and was decided; and, of course, the decision is a decision, and has effect as such.
Viguerie has an interest in the matter, since the judgment thus rendered may prove to be one against himself.
Let the rule nisi be made peremptory.