No. 8843.
Orleans Appeal.

---

### FEDERAL SIGN SYSTEM v. A. J. GUMINA, Appellant.

---

(March 30, 1925, Opinion and Decree.)

---

*(Syllabus by the Court.)*

1. **Louisiana Digest—Obligations—Par. 149.**
When one party offers to perform his contract and the other refuses to permit him to perform it, the offer will be treated as a performance and render a putting in default unnecessary.

**2. Louisiana Digest—Evidence—Par. 221**
When a written contract provides for the erection of signs at 4319 Dryades Street, parol testimony is not admissible to prove that the signs were to be erected at the corner of Dryades.
(Civil Code, Art. 2276. Editor's note.)

Appeal from Civil District Court, Parish of Orleans, Division "D", Hon. Porter Parker, Judge.

This is a damage suit for violation of contract.

Judgment for plaintiff. Defendant appealed.

Judgment reversed and case remanded.

Sol. Weiss, Weiner & Netter, attorneys for plaintiff and appellee.

Carbajal & Gaudin, attorneys for defendant and appellant.

CLAIBORNE, J. This is a damage suit for violation of contract.

Plaintiff alleges that it made a written contract with the defendant to put up certain electrical signs at the premises of the lessee, No. 4319 Dryades Street; that it complied with said contract by having said signs manufactured, and tendered them to the defendant who refused to permit plaintiff to put them up; that defendant bound itself to pay $16 for each unexpired month of the contract, amounting at the time of suit to $576.00.

The plaintiff relies upon the following clause of the contract:

"Upon a breach of this agreement, by the lessee, the Company may remove the sign, wiring and all other property, and cut off the supply of electricity, in which event the lessee will pay the Company a sum equivalent to $16 for each unexpired month of the term of the contract, which sum is agreed to be the actual loss suffered by the Company by reason of such breach."

The defendant denied all the allegations of the petition, and averred "that he had entered into an agreement with the defendant (plaintiff) company, whereby the plaintiff agreed to erect a certain sign on a telephone or electric post located at the corner of Napoleon and Dryades Streets, and the plaintiff company agreed to have said sign placed on a post at said corner"; that the plaintiff was unable to obtain permission of the Cumberland Telephone and Telegraph Co., or of the N. O. R. and Lt. Co. of this city to allow placing of the sign at the corner designated and has therefore never complied with the terms of his (its) said agreement, etc."

There was judgment for plaintiff as prayed for, and defendant has appealed.

In argument and in his brief the defendant sets up two defenses:

1st. The plaintiff did not put the defendant in default. The defendant refused to permit the plaintiff to put up the signs at No. 4319. Therefore no default was necessary. 2 L. D. 478. Lozes vs. Segura Sugar Co., 52 La. Ann. 1844, 28 South. 249; Romeo vs. Newman, 50 La. Ann. 89, 23 South. 493; Reinach vs. Jung, 122 La. 612, 48 South. 121.

The plaintiff had actually constructed the sign and had deposited it in defendant's premises awaiting the time and place to put it in position.

2nd. That the contract was not signed by plaintiff's manager, as required by the contract. There is in the record a letter dated May 31, 1920, signed by the "Secretary to the Manager", addressed to the defendant informing him that the contract had been properly approved. Moreover Burrell, local manager for the plaintiff, identifies his signature to the contract.

In the course of the trial the defendant attempted to prove that the contract he made with the representative of the plaintiff was for a sign at the corner of Napoleon Avenue and Dryades Street, and not at 4319 Dryades Street. The plaintiff objected to the testimony on the ground that such testimony was not admissible as it

varied and contradicted the written contract. The Court admitted the testimony. The defendant admitted his signature to the contract sued on. There was no pretense that the contract had been altered by a subsequent agreement; but the contention of the defendant was that he had made a contemporaneous side agreement by which the sign was to be put up at the corner of Dryades and Napoleon Avenue. This testimony clearly contradicted the written contract and was not admissible. C. C. 2276.

Nor is the plaintiff entitled to recover $16 for each unexpired month of the contract as provided in the clause of the contract quoted above, for the reason that the contract had not been consummated by the putting up of the signs and wires. But the defendant is amenable to another penalty provided by another clause reading as follows:

"Upon refusal of lessee to allow said sign to be hung, the Company shall not be held responsible for failure to hang said sign, and the lessee agrees to indemnify the Company for any expense incurred by it previous to receiving written notice from lessee that such permits cannot be obtained."

The defendant admits its liability for the cost of the sign and for the expenses incidental thereto. But of this there is no evidence in the record. We shall remand the case for the purpose of ascertaining that amount.

It is therefore ordered that the judgment appealed from be reversed and set aside, and it is now ordered that this case be remanded for the purpose of ascertaining the cost of the sign and the expenses incidental to its construction and delivery to defendant's premises; the cost of appeal to be paid by the plaintiff and appellee and the costs of the District Court to await the final judgment of the case.