Derbigny, J.
delivered the opinion of the court. The plaintiffs claim a privilege on sundry goods, which were sold to William Davidson, an insolvent debtor, of whose creditors the defendant is syndic. The goods were found in the insolvent’s possession, and there is no dispute about their identity.
The claim is resisted, on the ground, that the sale was not made by the plaintiffs, but by another person, to wit, John K. West, to whom Davidson had given in payment his promissory notes, which were subsequently replaced by other notes, subscribed directly to one of the *430 plaintiffs : from this circumstance, it is argued that a novation has taken place, and that the privilege is lost.
It is clear, we think, that if a novation has taken place here, it must result from the substitution of one creditor to another For the mere act of having received from the debtor other notes, at a longer credit than the first, would not, if between the same parties, produce a novation of the debt. “ If since the debt was contracted, says Pothier, in his treatise on obligations, no. 559, a new agreement has taken place between the creditor and the debtor, by which a longer time of payment has been given, or a new place for the payment appointed, or the debtor allowed the liberty of paying to another person than the creditor, or even by which the debtor should have bound himself to pay a larger sum or a lesser one, to which the creditor was willing to confine his demand ; in all these cases and the like, according to the principle that the novation is not to be presumed, it must be decided that there has been no novation and that the parties intended only to modify, diminish or augment the debt, rather than extinguish it, in order to substitute a new one to it, if they did no explain themselves.” It is also the opinion of Merlin. Rep. de jur. vo. novation § 5.
*431 But was there a substitution of one creditor to another ? John K. West, who has been heard as a witness, and against the competency of whose testimony nothing has been shewn, has declared that in this transaction, he acted as the agent of the plaintiffs ; the true creditors then of the price of those goods were the plaintiffs. When a prolongation of credit was granted for the payment of that price, one of the plaintiff's acted in person, and the notes were made payable to him. We do not see there a change of creditor.
We think that both by our civil code and the Spanish commercial law, often enforced here in that respect, vendors of moveable goods, unpaid for, retain a privilege on them, so long as they remain in the possession of the buyer.
It is, therefore, ordered, adjudged and decreed, that the judgment of the parish court be reversed ; and proceeding to give such judgment as we think ought to have been rendered below, it is further adjudged and decreed, that the goods sequestered in this case be sold by the sheriff, and that out of their proceeds, if so much there is, the plaintiffs do recover the sum sued for ; and it is further ordered, that the appellees pay the costs of this appeal, and that those in the inferior court be paid by the appellant.