FRANCIS BARFIELD et al. *vs.* CALEB IMPSON, use of the Com mercial and Railroad Bank of Vicksburg.

A bill of exceptions is the only medium of communication between the circuit court and the high court of errors and appeals; and is the only evidence of what takes place at the trial.

Where a judgment of "*nil dicit*" has been taken against the defendant, that judgment will not be reversed, because it appears from the certificate of the clerk, that the note upon which the judgment is predicated, is different from the note described in the declaration, the certificate of the court is required.

WRIT of error from the Warren circuit court.

The declaration in this case commences as follows, viz:

" STATE OF MISSISSIPPI, WARREN COUNTY,

" Circuit Court, November Term, in the year 1839.

" Caleb Impson who sues for the use of the President, Directors and Company of the Commercial and Railroad Bank of Vicksburg, by attorney, complains of Francis Barfield, Jesse Barfield and John Barfield, the defendants in custody, &c. of a plea of trespass on the case upon promises; for that whereas the said defendants by the name of Francis Barfield, Jesse Barfield and John Barfield, heretofore, to wit: on the 1st day of April, in the year of our Lord one thousand eight hundred and thirty-eight, at Vicksburg, to wit: in the county aforesaid, made their promissory note in writing, bearing date the day and year aforesaid, and then and there delivered the said promissory note to the said plaintiffs, and thereby then and there promised to pay, nine months after the first day of April, 1838, (meaning in the year 1838,) to the plaintiffs, by the name of the Commercial and Railroad Bank of Vicksburg, the sum of three hundred and ninety-seven dollars and fifty-four cents, for value received, negotiable and payable at the office of said bank, by means whereof the said defendants then and there became liable to pay to the said plaintiffs," &c. &c.

Throughout the rest of the declaration, both in the special

and common courts, whenever the party suing was referred to, the word " plaintiffs" was used instead of the word " plaintiff."

The defendants plead non assumpsit; but, on the trial of the cause, withdrew the plea, and judgment of "*nil dicit*" was rendered against them.

They prosecuted this writ of error.

At the January term, 1842, of this court, the plaintiffs in error suggested that the record was incomplete, and the court ordered a *certiorari* to be directed to the clerk of the inferior court, commanding him to send up a full record.

To the record first filed, exhibiting the state of fact and pleading as above set forth, the clerk below added the following instrument of writing, with the certificate that it was part of the record, and the only part remaining, not certified previously : this is the writing referred to :

" VICKSBURG, April 1, 1838.

" Nine months after the 1st day of April, 1838, we, or either of us, promise to pay to the President, Directors and Company of the Commercial and Railroad Bank of Vicksburg, or their order, the sum of three hundred and ninety-seven $\frac{54}{100}$ dollars, without defalcation, for value received. Negotiable and payable at the office of said Bank.

" FRANCIS BARFIELD, principal.

" JESSE BARFIELD, surety.

" JOHN BARFIELD, surety."

The plaintiffs in error assigned for error :

1. " That the declaration and the judgment are in the name of Caleb Impson, for the use of the Commercial and Railroad Bank, and yet the allegations of the declarations are, that the defendants made and delivered their note, not to Impson, but to the plaintiffs, i. e. the bank.

2. " In the common counts, the declaration declares the indebtedness to be to the plaintiffs, i. e. the bank, and not to Impson ; therefore the declaration charging no indebtedness to Impson, the judgment in his name must be erroneous."

*P. W. Tompkins*, for plaintiffs in error.

The declaration of plaintiffs below was utterly insufficient to mantain any judgment.

The declaration is filed in the name of Caleb Impson, who sued for the use of the Commercial and Railroad Bank of Vicksburg. According to our statute, the usees are the real plaintiffs, and where any reference is made, in any subsequent part of the declaration, to the plaintiffs, it must mean the usees. In this case, that rule is more particularly applicable, because Impson is a solitary individual, and if referred to as plaintiff, the reference should be in the singular; but the usees were plural, therefore were properly referred to by the appellation plaintiffs. When the plaintiffs below, in their declaration, charge the making of the note sued on, they charge that it was made payable to, and was delivered to the plaintiffs, evidently meaning the president and directors of the bank—if they had meant Impson, they would have said the plaintiff. The note, then, being alledged in the declaration to be made and delivered to the bank, Impson had no right to sue on it, for his use or that of the bank. The bank never indorsed the note to Impson, nor does the declaration alledge any indorsement. The probability is, that the object of the bank, in bringing the suit in that shape, was to evade the provisions of the act which compelled them to take their own notes in satisfaction of their judgments, so that they might exact money. The fact is, they have, in this case, refused their own notes offered to them; and that is the cause of this case coming to this court.

The declaration was clearly demurrable; the withdrawal of the pleas leaves the rights of the defendants below, where they would have been if no plea had been put in. (It is proper to say, the counsel of the plaintiffs in error in this court, was not their counsel in their character of defendants below.)

It is respectfully believed that the judgment in this case must be reversed.

*W. S. Godley*, for defendants in error.

In this case the declaration avers that the defendants below mdae a note to "plaintiffs," by the name of the bank. The

plural, plaintiffs, used in the declaration, must be considered to have reference to Impson, and not to the usees, who could not, by reason of their equity, nor by force of the statute, be properly called plaintiffs in the declaration. The averment, therefore, is of a note made to plaintiff by another name, and is entirely correct. Indeed it might be doubted if a note could properly be said to be made to a person who never had an interest in fact, in the note when made, notwithstanding his name may have been inserted. The declaration is sufficient, and would be fully proved by the note as certified, together with the evidence that Impson was the person intended to be the payee. The omission of such evidence is cured by the statute of jeofails. That such omission is cured, is obvious, by the consideration that, as the declaration is good, a judgment by default was the only step the plaintiff could take, and even if the damages had not been fixed by the note, a writ of inquiry could but have fixed the amount of damages without implying, nor, indeed, authorizing proof of any allegation necessary to give a right of action, such right of action having been previously fixed by the judgment.

Mr. Justice CLAYTON delivered the opinion of the court.

This was an action of assumpsit, brought in the name of Caleb Impson, for the use of the Commercial and Railroad Bank of Vicksburg, upon a promissory note, executed by the defendants, to the bank. There is no assignment of the note, which is transcribed into the record, nor any thing which shows the interest of Impson. The declaration, both in the general and special counts, sets forth a promise to pay to the plaintiffs. The defendants put in the plea of non assumpsit, which was withdrawn at the time of the trial, and a judgment entered by default. There is no bill of exceptions in the cause.

This writ of error is prosecuted to reverse the judgment, because the note, which is copied into the record, by the clerk, does not correspond with that described in the declaration. If there had been a trial by jury, and the introduction of the note as evidence, had been objected to, it must have been excluded.

Barfield et al. *v.* Impson.

The plaintiff would then have been at liberty to amend, if he could make out a proper case.    The case now presents a totally different aspect.    Our statute directs, " that no judgment by *nil dicit*, shall be stayed or reversed, for any omission or fault, which would not have been a good cause to stay or reverse the judgment, if there had been a verdict."    H. & H. 591.

It is manifest that after verdict, without a bill of exceptions taken on the trial, the judgment could not be stayed or reversed, because there would be nothing by which to do it.

The medium of communication between the circuit court and this court, for the revision of its proceedings upon a trial before a jury, is a bill of exceptions.    That affords the only evidence which we can recognize, of what takes place upon the trial, and we are bound to presume the proceedings of the court below to be correct, unless by the bill of exceptions, we are furnished with evidence to the contrary.    We cannot notice, as has already been frequently decided, a mere certificate of the clerk, that this or that evidence was introduced; the certificate of the court is required.    *Maulding* v. *Rigby*, 4 How. 222.    *Carmichael* v. *Browder*, Ib. 432.    *Dunlop* v. *Monroe*, 7 Cranch.

If there had been a trial before a jury, this judgment would be affirmed, because there is an entire absence of the legal rerequisites to show the error complained of.    As the statute places the judgment, by *nil dicit*, upon, at least, as high ground, an affirmance is a necessary consequence.

*Judgment affirmed.*