No. 7070.

CRESCENT CITY LIVE STOCK LANDING AND SLAUGHTER–HOUSE COMPANY vs. JOHN LARRIEUX.   THE SAME vs. JOHN GISCH ET AL.

On the trial of motions to dissolve injunctions not issued against money judg-ments, damages are not to be allowed.   The defendants in such injunctions are left to their recourse on the bonds.
A reconventional demand for damages can not be separately tried, and the judg-ment rendered on such a demand can not be separately appealed from.   It must be tried and appealed with the main suit.

APPEAL from the Fifth District Court, parish of Orleans.   *Rogers*, J.

*Robert Mott* for plaintiffs and appellees.

*E. K. Washington* for defendants and appellants.

The opinion of the court was delivered by

SPENCER, J.   Plaintiff in these two suits (consolidated in this court by consent) sets out its rights and privileges, and enumerates the fines and forfeitures consequent upon their violation.   It then charges, in the first named case, that John Larrieux, for the reasons stated, owes it $1509 30, for which judgment is asked.   And, coupled with this demand, an injunction was asked, and obtained, restraining him from doing cer-

NEW ORLEANS, APRIL, 1878.                    741.

Crescent City Live Stock Landing and Slaughter-House Company vs. Larrieux.

tain acts alleged to be in violation of its exclusive privileges.  In second named suit the allegations are similar, with prayer for a judgment for $750, and injunction for like purpose.

In both cases the defendants filed motions to set aside the injunctions, on the ground that similar injunctions were then pending between the same parties in the third district court, and that this proceeding in the fifth district court was in violation of act 86 of 1870, regulating jurisdiction in such cases.  Larrieux prayed in his motion for $250 special damages against plaintiff and surety, on the injunction bond, and "legal damages" not stated.  Gisch & Kerner prayed in their motion to dissolve for $250 special damages, and $600 legal damages against plaintiff and its surety.

These motions were tried, and sustained "in so far as to dissolve the injunction herein issued, with costs."

The defendants appealed, and claim that the court should have awarded them damages, on sustaining their motions and dissolving the injunctions, of which damages they claim to have made proof.

We think the court did not err, as it is well settled that on trial of motions to dissolve injunctions not issued against money judgments, damages are not to be allowed.  The sureties are not parties in such cases.  The party is left to his recourse on the bond.  3 A. 476, and cases there cited; 28 A. 859; 29 A. 630—634.  The dissolution of the injunctions in these cases did not terminate the suits.  Plaintiff's demands to recover $1509 30 in the one case, and $750 in the other, were not dismissed, and were still pending.  Defendants' demands for damages were reconventional demands, to be tried, if permissible or not objected to, with the principal demand.  The general rule certainly is that demands in compensation and reconvention can not be tried separately from the suits in which they are pleaded.  If defendants are embraced within any exception to this rule, their counsel has not directed our attention to the law establishing it, and it is unknown to us.

It is therefore ordered and decreed that the judgment appealed from be affirmed, with costs to be paid by appellants.

---

### On Application for Rehearing.

This record contains two suits; one against John Larrieux, and one against John Gisch & W. C. Kerner.

If the papers, before being copied into this transcript, had been shaken up in a bag, and then drawn out by a blind man, and copied in the order drawn, confusion could not have been worse confounded than this transcript presents.

It seems that there was, lurking amid this confusion, a motion to

dismiss, and that the cases were not submitted on the merits. We overlooked the motion and decided the cases. The rehearing is granted.

---

## ON REHEARING.

The plaintiff moved to dismiss the appeals, because the judgments were not such as justified appeal, and worked no irreparable injury; and "because the transcript is such a confused mass that neither the court nor the counsel for appellee can ascertain what the case before the court is."

As we have already, by dint of perseverance and hard work, *ferreted* out the case before us, we pass this last ground *sub silentio*.

As stated in our previous opinion, the plaintiff sued out injunctions against the defendants, butchers, prohibiting their violating its alleged chartered privileges. It also demanded a money judgment against Larrieux for $1509 30, and one against Gisch & Kerner for $750, for alleged infractions of its privileges, etc.

In both cases the defendants filed motions to dissolve the injunctions, on the ground that similar injunctions were then pending between the same parties in the third district court, and that the injunctions in the fifth district court were in violation of act 86 of 1870, regulating jurisdiction in such cases.

Larrieux, in his motion to dissolve, prayed for $250 special damages against plaintiff and surety on the injunction bond, and for "legal damages," in an amount not stated. Gisch & Kerner, in their motion to dissolve, asked for $250 special damages, and $600 "legal damages" against plaintiff and its surety. Those motions were tried and sustained, "in so far as to dissolve the injunctions herein issued, with costs." The defendants appeal, and allege that the court should have awarded them damages, which they claim to have proved.

The motion to dismiss these appeals must prevail. It is well settled that, on trial of motions to dissolve injunctions not issued against money judgments, damages are not to be allowed, and that the sureties on the bonds in such cases are not parties to the suits. The party is left to his recourse on the bond. 3 A. 476, and cases cited; 28 A. 859; 29 A. 630—634.

But, in this case, the dissolution of the injunctions did not even terminate the suits. The cases are still pending on plaintiff's claim for $1509 30 against Larrieux, and for $750 against Gisch & Kerner.

Perhaps defendants might, in their answers, set up their damages by way of reconvention; but, if that be permissible, the reconventional could only be tried with principal, demand.

The district court had no legal right to consider the demand for

damages, on the motion to dissolve the injunctions properly refused to pass upon it. Its judgments concluded no one on the question of damages, and worked no irreparable injury to appellants, who, as we have seen, may assert their rights at proper time, and in proper form. The cases in 12 A. 767 and 755 have no application here. Those were cases tried *on the merits*, and the damages claimed not noticed in the decrees. Such decree was, of course, *res adjudicata* to a subsequent suit.

If the district court could not legally entertain defendants' *motion for damages* this court can not, and an appeal to it is, therefore, a vain thing, and not maintainable.

The motion to dismiss the appeals is sustained at appellants' costs.