(114 So. 718)

No. 28763.

## GARLAND v. DIMITRY et al.

Oct. 31, 1927.

*(Syllabus by Editorial Staff.)*

Appeal and error ☞90 — Judgment fixing plaintiff's proportionate interest in attorney's fee and ordering defendant attorney to account trenches on merits of case to recover part of fee and is appealable (Code Prac. arts. 538, 539, 565, 566).

In suit by attorney against another attorney and heirs of an estate to recover one-half of amount received by defendant attorney in representing heirs, judgment finally fixing proportionate interest of plaintiff in fee received by defendant attorney, and finally recognizing privilege claimed by plaintiff on property recovered for heirs, and ordering defendant attorney to account, leaving case open to enable him to do so, trenches on merits of

case and, under Code Prac. arts. 538, 539, 565, 566, is appealable.

Action by Albert P. Garland against M. D. Dimitry and others. Judgment for plaintiff, defendants' applications for suspensive and devolutive appeals were refused, and defendants apply for writs of certiorari, mandamus, and prohibition, on which application a rule nisi was issued and the trial judge ordered to send up the original record. The rule made absolute, and the respondent judge ordered to grant the appeals prayed for.

M. D. Dimitry and George T. McSween, Jr., of Shreveport, for relators.

Thigpen, Herold, Lee & Cousin, of Shreveport, for respondent.

OVERTON, J. Plaintiff, a practicing attorney, brought suit against M. D. Dimitry, who is also a practicing attorney, and against the heirs of Mrs. Florence A. Toombs, deceased, in which he alleges that the legal heirs of Mrs. Toombs employed Dimitry to recover their interest in her estate, and agreed to pay Dimitry for his services, rendered and to be rendered, an amount equal to 50 per cent. of the amount recovered; that Dimitry, with the knowledge and approval of said heirs employed plaintiff to represent them; that Dimitry agreed that plaintiff should receive out of his fee an interest equivalent to one-half of the net amount receivable by him; and that he, plaintiff, discharged his duties under said contract, and is entitled to said interest and to a privilege to secure the same on the judgment and on the property recovered for said heirs. The prayer of the petition is that plaintiff recover judgment against Dimitry and said heirs for one-half of such amount as represents 50 per cent. of the value of all the property recovered, after deducting the costs and expenses legitimately incurred and paid by Dimitry in the prosecution of the litigation

for the recovery of said property, and to this end that an accounting be had, and that plaintiff's privilege, as an attorney at law, for the amount of said fee be recognized and enforced on all the property and funds recovered.

Issue was joined by the defendants, the case was tried, and judgment rendered and signed as follows:

"That the plaintiff, Albert P. Garland, do have and recover judgment against the defendant M. D. Dimitry in a sum equal to one-half of the amount receivable by said Dimitry under the contracts entered into between the legal heirs of Mrs. Florence A. Toombs, deceased, and the said M. D. Dimitry [here follows a description of the contracts] subject to reimbursement first to the said Dimitry of all costs and expenses legitimately incurred and paid by the said Dimitry in the prosecution of the litigation referred to in the petition out of the entire amount before division of the proceeds.

"That said plaintiff, Albert P. Garland, do have and recover judgment against the legal heirs of Mrs. Florence A. Toombs, deceased [here follows their names] recognizing said Garland's lien and privilege as an attorney at law under the said contracts upon the property described in article 18 of the original petition for an amount equivalent to one-half of one-half of the proceeds of the sale of said property in the event same be sold by judicial process, and likewise upon all funds in the hands of the clerk or the sheriff belonging to the said legal heirs of Mrs. Florence A. Toombs, deceased, as well as the funds in the hands of C. B. Hoffert, and all other persons, firms, and corporations, less one-half of the costs and expenses legitimately incurred and paid, or that may be paid, by said M. D. Dimitry in the prosecution and defense of the litigation under which such property and funds were recovered; the judgment against said legal heirs of Mrs. Florence A. Toombs, deceased, being wholly in rem, said immovable property being specifically described as follows, to wit: [here follows a description of the property].

"That the defendant C. B. Hoffert be and he is hereby ordered to pay into the registry of this court the funds and amounts in his hands belonging to the heirs of Mrs. Florence A. Toombs, deceased.

"It is further ordered, adjudged, and decreed that this cause be and the same is hereby left open and jurisdiction hereof retained for the purpose of further and ancillary proceedings herein to secure an accounting from the said M. D. Dimitry of the costs and expenses legitimately incurred and paid by him in the prosecution and defense of the aforesaid litigation, and which under this judgment are to be repaid out of the fee, equivalent to the value of one-half of the property, before division of the proceeds between said Garland and said Dimitry."

After said judgment was signed, and within the delays prescribed by law for the taking of a suspensive appeal, relators herein applied for such an appeal and also for a devolutive appeal. The trial judge refused to grant these appeals. Dimitry and the heirs of Mrs. Toombs then applied to this court for writs of certiorari, prohibition, and mandamus, upon which application a rule nisi was issued and the trial judge ordered to send up the original record.

The judge has made his return in which he states substantially, giving his reasons for so stating, that the judgment is neither a final judgment nor an interlocutory order or decree, which may work irreparable injury, and hence is not appealable.

Article 565 of the Code of Practice provides that:

"One may appeal from all final judgments rendered in causes in which an appeal is given by law, whether such judgments have been rendered after hearing the parties, or by default."

Article 566 of the Code of Practice provides that:

"One may likewise appeal from all interlocutory judgments when such judgment may cause him an irreparable injury."

Article 538 of the Code of Practice defines interlocutory judgments as follows:

"Interlocutory judgments do not decide on the merits; they are pronounced on preliminary matters, in the course of proceedings."

Article 539 of the Code of Practice defines definitive or final judgments as follows:

"Definitive or final judgments are such as decide all the points in controversy between the parties.

"Definitive judgments are such as have the force of res adjudicata."

It will be observed that while the Code of Practice, in effect, defines an interlocutory judgment as one not deciding on the merits, and a final or definitive judgment as one which decides all the points in controversy, and makes provision relative to appeal as to each class, yet it does not classify judgments which pass on parts of the merits, and makes no provision relative to appeals from them. The court probably had this in mind, when in the case of Cary v. Richardson, 35 La. Ann. 505, in passing on a motion to dismiss an appeal on the ground that the judgment was not appealable, it said:

"An interlocutory judgment should not trench upon the merits of the cause; but the moment that it does, it acquires a character of finality, which assimilates it to a final judgment and renders it appealable. It is not essential for a judgment to be final, that it should settle *all* the rights existing between the parties to the suit. All that is required is, that it determine issues involved on the merits of the action. The judgment is none the less final, because some future orders of the court may become necessary to carry it into effect. The nature of such an order depends upon the effect produced by the adjudication upon the rights and interest of parties. The stage at which it is made is not the test for appellate purposes. If an interlocutory order will finally affect the merits of the case, or deprive a party of any benefit which he may have at the final hearing, an appeal is allowable. It is not always absolutely required to dispose of the entire merits of a cause and all the parties before the court, as a necessity to a final decree. Any order or decree finally settling any right or interest in controversy between the parties to a cause is final and reviewable. Loring v. Illsley, 1 Cal. 27; (Gilman v. Contra Costa County) 8 Cal. 57 (68 Am. Dec. 290); Perkins v. Sierra Nevada S. M. Co., 10 Nev. 405; Barry v. Briggs, 22 Mich. 201; Kennedy v. Kennedy, 2 Ala. 571; [Kennedy's Heirs v. Kennedy's Heirs] 3 Ala. 434; Barfield v. Impson, 9 Miss. 326; Tucker v. Yell, 25 Ark. 420; Ware v. Richardson, 3 Md. 505 [56 Am. Dec. 762].

"Where a decree ascertains and settles the rights of the parties in litigation, it is reviewable, although the cause may be referred to ascertain facts for an account. A decree giving all the consequential directions, so as finally to dispose of the whole case upon the coming in and confirming of the report, is a final decree. Cruger v. Douglass, 2 N. Y. 571; [Mills v. Hoag] 7 Paige [N. Y.] 18; [Many v. Beekman Iron Co.] 9 Paige [N. Y.] 189; [Johnson v. Everett] 9 Paige [N. Y.] 636; [Stowall v. Banks] 10 Wall. 586 [19 L. Ed. 1036]; [Quackenbush v. Leonard] 10 Paige [N. Y.] 131; [Dickinson v. Codwise] 11 Paige [N. Y.] 189; [Green v. Ward] 1 Barb. Ch. [N. Y.] 21; [Harrington v. Snyder] 3 Barb. Ch. [N. Y.] 382; [Green v. Winter] 1 Johns. Ch. [N. Y.] 77–81; [Meadows v. State] 7 Cold. [Tenn.] 416; [Stovall v. Banks] 10 Wall. 583 [19 L. Ed. 1036]."

The foregoing statement of the law was made in passing upon a motion to dismiss an appeal from a judgment declaring the existence and dissolution of a partnership; that its affairs were unsettled; that the plaintiff had contributed $30,000; that he had an interest of one-third; that the possession of its effects was in the defendant, who was to account for the same; that auditors be appointed to state the accounts between the parties, and that they report the same.

It will be observed that the judgment that was under consideration in the foregoing case is not unlike the one under consideration here. In that case the proportionate interest of the plaintiff therein, in the partnership, was fixed. In the case before us the proportionate interest of the plaintiff herein, in the fee Dimitry is to receive, is fixed. In the foregoing case the defendant therein was ordered to account for the partnership assets, and auditors were ordered appointed to state the accounts between the parties, and to report the same, the case obviously having been left open, at least impliedly, for the purpose of the accounting, and of receiving and considering the statement of accounts by the auditors. In the case before us the defend-

ant Dimitry is ordered to account, and the case is left open in order to enable him to do so and to enable the court to allow the proper deductions from the fee plaintiff is to receive.

In our view, the judgment in the present case finally fixes the proportionate interest of plaintiff in the fee, and finally recognizes the privilege claimed by plaintiff on the property recovered for those of the defendants who are the legal heirs of Mrs. Toombs, as well as upon certain funds belonging to said heirs, and all that remains to be done is to have the accounting ordered and to ascertain and make the deductions mentioned. The judgment therefore trenches on the merits and, under the authority cited above, is appealable.

We have examined the authorities relied upon by the respondent judge in refusing the appeal. He relied mainly upon Davis v. Preval, 6 Mart. (O. S.) 422; Junek v. Hezeau, 12 La. Ann. 248; Marionneaux v. Marionneaux, 28 La. Ann. 392; Succession of Carriere, 34 La. Ann. 1056; Crescent City Live Stock Co. v. Larrieux, 30 La. Ann. 740; Bossier's Heirs v. Hollingsworth & Jackson, 117 La. 226, 41 So. 553.

In the Preval Case all that seems to have been held was that an appeal from an order submitting accounts to referees is premature. A similar ruling was made in the Junek Case. In the Marionneaux Case all that was held is that, in a partition suit, an order homologating the report of experts or referring the parties to a notary to complete the partition is not appealable. In the Succession of Carriere all that was held is that an order commanding the administrator to present his account is not appealable. In all of these cases it is clear that the orders or decrees appealed from were not final, but merely interlocutory and worked no irreparable in-

jury. Hence they were not appealable. In the Crescent City Live Stock Company Case the defendants filed motions to dissolve injunctions, which were not issued against moneyed judgments. In their motions to dissolve, defendants also filed reconventional demands for damages. The trial court rendered judgment on the motions in their favor, but refused to consider their reconventional demands. The defendants therefore appealed. This court held, on rehearing, that the trial judge was correct in refusing to consider the demands for damages on the trial of the motions to dissolve; that, since the defendants could assert their claims for damages, in proper form, at the proper time, they suffered no irreparable injury, and dismissed the appeal. The case has no application here. In Bossier's Heirs v. Hollingsworth & Jackson an exception of no cause of action was sustained as to part of plaintiffs' demands, but overruled as to the remainder, thus leaving the case pending as to the part which was held to show a cause of action. Plaintiffs appealed, and their appeal was dismissed on the theory that, as the judgment before the court did not dispose of all the points in controversy between the parties, it was not a final judgment, and that, as an interlocutory judgment, it worked no irreparable injury. The case has some pertinency to the present case, but a careful reading of it will show that it does not necessarily exclude the idea that the judgment must dispose of all points in controversy to be final.

For the foregoing reasons the rule that issued herein is made absolute, and the respondent judge is accordingly ordered to grant the appeals, prayed for, from said judgment.

O'NIELL, C. J., takes no part.