O'NIELL, C. J., concurs except as to damages caused by the fire.

ST. PAUL, J., takes no part.

144 So. 428

BENHAM, ZIEGLER & CO., Inc., v. MOULEDOUX.

In re MOULEDOUX.

No. 31949.

Oct. 31, 1932.

Dart & Dart and H. Grady Price, all of New Orleans, for applicant.

Percy H. Moise and Rosen, Kammer, Wolff & Farrar, all of New Orleans, for respondent.

OVERTON, J.

This case comes to us on a judgment, rendered by the Court of Appeal for the parish of Orleans, dismissing an appeal from a judgment rendered by the civil district court for the parish of Orleans, because the judgment rendered by that court was not a final judgment, and because it is not such an interlocutory judgment as may work irreparable injury.

The dispute over which the litigation arises is tersely and correctly stated by the Court of Appeal as follows:

"Plaintiff corporation contends that it entered into a verbal contract with defendant,

under which each party was to furnish a certain number of bags of red beans, which were to be thus 'pooled' and sold for the common advantage of the two parties, and that, as a result of the alleged joint adventure, defendant is indebted to plaintiff in the sum of $265.35 and in such further sum as an accounting may show to be due on another related transaction.

"Defendant denies that there was any agreement to enter into a joint adventure, and, in fact, avers that the contracts and agreements entered into contemplated merely purchases by one from the other of red beans." Benham, Ziegler & Co., Inc., v. Mouledoux (La. App.) 141 So. 487, 488.

The judgment of the district court, which the Court of Appeal had before it, reads as follows:

"It is ordered, adjudged and decreed that Gabriel J. Mouledoux, defendant herein, file in these proceedings, within twenty days from February 11, 1932, a full and detailed accounting of the sales made by said defendant of the 1364 bags of red beans, sold by defendant in connection with the joint adventure between plaintiff and defendant."

The Code of Practice, art. 538, defines an interlocutory judgment to be one which does not decide on the merits, but is one pronounced on preliminary matters, in the course of the proceedings, and a final judgment (Code of Practice, art. 539) to be such a one as decides all the points in controversy between the parties, and has the force of the thing adjudged. It will be noted that the codal definitions of interlocutory and final judgments omit a class of judgments, which, it may be said, the Code nowhere seems to clas-

sify, namely, those which decide one or more matters on the merits of the case, while leaving other matters on the merits undecided. Illustrations of this class may be found in the case of Cary v. Richardson, 35 La. Ann. 505, relied upon by relator, and in that of Garland v. Dimitry, 164 La. 875, 114 So. 718, which calls attention to this omission. When such judgments come before this court, the court must classify them, as relates to the right of appeal, in one of these two classes, and, in the Cary and Garland Cases, the court classified the judgments as final, because they decided one or more matters, which, properly, it thought, belonged to the merits.

■ In the case now before us, we fail to find where the trial court actually trenched upon the merits. Although the question as to whether an accounting is due is one raised in the answer to the suit, it is proper, we think, for the trial court to ascertain, before proceeding further, whether in truth, an accounting is due, and, if it so finds, to order it to be rendered. 1 C. J. p. 610, § 49. To proceed otherwise would confuse the right to an accounting with the right to offer evidence in support of and against the account, as if rendered, and, in the event an accounting should not be found to be due, would result in a waste of time and in the introduction of much evidence, touching the amount due, if any, which would be of no value. The ascertaining, therefore, of whether an accounting is due, is a preliminary matter, ascertainable before entering the real merits of the case—that is, before undertaking to ascertain what, if anything, is due the one calling for the accounting.

■ A judgment, rendered by a trial judge, ordering an accounting, whether signed by

him or not, is not a final or definitive judgment, but is an interlocutory one. Junek, Tutrix, v. Hezeau, 12 La. Ann. 248; Succession of Carriere, 34 La. Ann. 1056; 1 C. J. pp. 610, 611, §§ 49 and 50. It is not, however, an interlocutory judgment, which may work irreparable injury. The error, if any, in ordering the accounting, is such a one as may be corrected by appeal, after the case is finally disposed of in the trial court. Succession of Carriere, supra.

The reason why the law does not grant an appeal from such a judgment as the present is because it does not favor the bringing up of cases by fragments. Wolff v. McKinney, 21 La. Ann. 634.

Finding no error in the judgment under review, it is affirmed.