JANVIER, Judge.
This matter comes before us on motion' of appellant to strike from the record and give no consideration to the answer to the appeal filed by the appellee.
While the facts in the controversy are much in dispute, the facts,. on which the motion to strike is based, are conceded. Jacob Winsberg died on May 8th, 1^37, leaving an estate which contained certain immovable property, certain real estate, and a store which was operated as a going concern at one of the pieces of real estate. 4304-06 Magazine Street, in New Orleans. He left heirs, one of whom was his son, Hermand Woodward Winsberg, who died on February 25th, 1948, leaving as his heir a minor daughter, Kathleen Hilda Winsberg. After 'the death of Jacob Winsberg in 1937, his succession was judicially opened and his heirs were sent into possession of his estate. These heirs, in addition to Hermand Woodward Winsberg were: Mrs. Sarah Silverman Winsberg, Mrs. Stella Winsberg Levy, Mrs. Jessie Winsberg Bluhm and Winfred J. Winsberg.
Though the heirs were sent into possession of the estate of Jacob Winsberg, there was no actual physical division of the assets and this litigation results from that fact.
The widow of Jacob Winsberg and all of ■the heirs, except Hermand W. Winsberg, conducted the affairs of the estate, including the store on Magazine Street. After the death of Hermand Winsberg, which was on February 25, 1948, his widow, Mrs. Mary L. Schneider Winsberg, administratrix of *544 his estate and tutrix of the minor daughter, Kathleen Hilda Winsberg, brought this proceeding against the widow of Jacob Winsberg and all his other heirs, praying that they be ordered to render an accounting of the estate of Jacob Winsberg and that they be ordered to turn over to plaintiff such amount as the accounting should show to be due.
Plaintiff alleged that Hermand W. Wins-berg had never received his share of the “income, emoluments, salaries and other perquisites of the estate” of the said Jacob Winsberg and prayed that the accounting ,take into consideration all such items of value of 'the estate and that it cover the period from May 8, 1937 to December 31, 1945. Plaintiff also alleged that such an accounting would show an indebtedness to plaintiff as tutrix of the minor in a sum in excess of $2,000.
On July 7, 1948, there was judgment in confirmation of default in favor of plaintiff ordering defendants to make a complete accounting of the estate of Jacob Winsberg for the period mentioned. This judgment was not signed, but on motion of defendants was annulled and set aside, Thereafter, ón June 5, 1952, there was judgment in favor of plaintiff ordering the defendants “to make and render a complete accounting of the real estate 4304-06 Magazine Street * * This judgment was signed on June 11, 1952. In the judgment, no reference was made to any other items of property of the estate; the accounting which was required was limited to the real estate 4304-06 Magazine Street; it contains no reference to “incomes, emoluments, salaries and other perquisites of the estate,” all of which were referred to in the petition which prayed for an accounting on all of them, and counsel for appellant points this out and says that, since the judgment did not require an accounting on these other items, it obviously denied the prayer of the petition to that extent.
At this stage of the proceedings, on August 13, 1952, defendants filed a document purporting to be an accounting as to the real estate 4304-06 Magazine Street as required by the judgment of June 5, 1952. In this document defendants asserted that they should not be required to file any accounting but they conceded that, if it should ultimately be held 'that an accounting was due as to the real estate mentioned, that accounting would show an indebtedness to plaintiff of $880.
On behalf of plaintiff there was then filed an opposition to this document or account, and in this opposition plaintiff "referred to the judgment of June 5, 1952, and stated that in filing the opposition she reserved her right to appeal in due course from any part of that judgment.
On November 6, 1952, evidence was taken and thereafter counsel for defendants stated again, without conceding that plaintiff was entitled to any sum whatever, that the amount which would be due, if any accounting as to the real estate mentioned should 'be required, would be $1,460, instead of the $880, which was at first admitted. In this document appears the statement that it is filed “without prejudice to the right of the defendants to appeal from any judgment that may be rendered herein * * Counsel for plaintiff joined in this stipulation, stating that it was conceded that an accounting as to that piece of real estate would show that $1,460 was due but also stating that the stipulation was made “without prejudice to the right of the plaintiff to appeal or cross-appeal in this matter.”
Based on this stipulation there was judgment, on November 7, 1952, in favor of plaintiff and against defendants in the sum of $1,460. This judgment was signed on November 14, 1952. On November 24, 1952, defendants appealed from this judgment devolutively and suspensively. The appeal was duly perfected and, on May 17, 1954, while the matter was pending in this Court but before it had 'been posted for hearing answer to the appeal was filed by plaintiff and in this answer it was contended that the judgment of June 5, 1952, which ordered the accounting, should have ordered an accounting on all of the other items of property, as well as to the property on Magazine Street.- It is this answer which we are asked to strike.
*545 It is contended by appellants that this answer.to the appeal is in effect an appeal from the judgment of June 5, 1952, and that it comes too late — more than two years after that judgment was rendered.
Counsel for appellants assert that we have authority to strike such an answer from the record and that that authority should be exercised here because of the fact that if the answer be not stricken on the grounds urged, it will be necessary for all counsel to prepare and present lengthy arguments concerning the necessity of an accounting on those other items, whereas when the entire matter is submitted, we will conclude that appellee, having failed to appeal from the judgment of June 5, 1952, cannot be heard to contend that the accounting therein ordered should have included those other items and that thus they and we will all have undertaken a tremendous volume of labor unnecessarily.
Counsel for appellants points to the decision of our Supreme Court in Garland v. Dimitry, 164 La. 875, 114 So. 718, as presenting a situation very much like that which is found here and which he says is authority for the view that there could and should have been an appeal by the present appellee from the judgment of June 5, 1952, which, in effect, held that there should not be an accounting on those other items to which we have so often referred. In that case there was presented a dispute between two attorneys over the proportionate division between them óf a fee and as to whether one of them should be entitled to a privilege. The plaintiff contended that the defendant, the other attorney, owed him one-half of the fee and he sued for an accounting and for recognition of his privilege. The District Court recognized the right to an accounting and fixed the percentage of recovery to which the plaintiff was entitled and ordered that an accounting be made but left the amount of the recovery open or, as stated by the Supreme Court, “at least impliedly, for the purpose of the accounting and of receiving-and considering the statement of accounts by the auditors.”
Defendant, who contended that no accounting was‘due, sought to appeal' from the judgment insofar as it held that he should render an accounting. The District Court refused to "grant him an appeal on the ground that the judgment was interlocutory and caused no irreparable injury. Mandamus was granted by the Supreme Court which hold that inasmuch as the judgment fixed- a percentage of the fee, it was to that extent final and not interlocutory. The Court said:
“In our view, the judgment in the present -case finally fixed the proportionate interest of plaintiff in the fee and finally recognized the privilege claimed by plaintiff on the property recovered, for thos'e of the defendants who are the legal heirs of .Mrs. Toombs-, as well as upon certain funds belonging to- certain heirs, and all that remains to be done is to have the, accounting ordered and to ascertain and make the deductions mentioned. The judgment therefore trenches on the merits and, under the authority ' cited above, is appealable.”
Counsel says that if the. reasoning used there be applied here it will necessarily follow that plaintiff has the right to appeal from the judgment of June 5, 1952, which impliedly denied the right to an accounting as to “incomes, emoluments, salaries and other perquisites of the estate.”' In other words, according to counsel it was held that there is the right of appeal whenever the judgment, which might otherwise be considered interlocutory, trenches upon the merits and he says that the judgment -here did- trench upon the merits since it denied an accounting on those items mentioned. As supporting this view Cary v. Richardson, 35 La.Ann. 505, is cited. There the Supreme Court said:
“An interlocutory judgment should not trench upon thé merits of the cause; but the moment that it does, it acquires a character of finality, which assimilates it to a final judgment and renders it appealable. It is not essential for a judgment to be final, -that it should set- *546 tie all the rights existing between the parties to the suit. All that is required is, that it determine issues involved on the merits of the action. The judgment is none the less final, because some future orders of the court may become necessary to carry it into effect. The nature of such an order depends upon the effect produced by the adjudication upon the rights and interest of parties. The stage at which it is made is not the test for appellate purposes. If an interlocutory order will finally affect the merits of the case, or deprive a party of any benefit which he may have at the final hearing, an appeal is allowable. It is not always absolutely required to dispose of the entire merits of a cause and all the parties before the court, as a necessity to a final decree. Any order or decree finally settling any right or interest in controversy between the parties to a cause is final and reviewable. * * * ”
From this it is argued that it necessarily follows that if the right of appeal exists it must be exercised in time and may not be availed of by answer to an appeal by the adverse party after the expiration of the time within which the appellee might have appealed.
Our attention is also directed to the decision of the Supreme Court in Oliphint v. Oliphint, 219 La. 781, 54 So.2d 18, 21. There again the Supreme Court, citing Cary v. Richardson, supra, and Garland v. Dimitry, supra, said:
“It is, of course, true that the judgment is not a final judgment in the sense that it is the last judgment to be rendered in the case. Therefore, it cannot be said to fit exactly within the definition of definitive judgments contained in Article 539 of the Code of Practice. On the other hand, it is apparent that it cannot be regarded as an interlocutory judgment, as defined by Article 538 of the Code of Practice, since 'it trenches upon the merits of the case and does not merely pronounce on preliminary matters in the course of the proceedings. * * * ”
Counsel for defendants asks what plaintiff could have done had defendants not appealed from the judgment which was rendered on the account and which ordered the payment of $1460. The answer of plaintiff-appellee is that had defendants not appealed from that judgment, she herself could have appealed from the judgment for $1460, and that such an appeal by her would have kept alive her claim for a complete accounting.
On behalf of plaintiff-appellee it is argued that there is known to our practice no such procedure as a motion to strike. They say further that to sustain such a motion would be tantamount to dividing up the case into various portions and requiring that these various portions be considered separately.
In State ex rel. Sutton v. Caldwell, 195 La. 507, 197 So. 214, 215, the Supreme Court said:
“ * * * There is no provision in the Pleading and Practice Act, or in the Code of Practice, for such a pleading as a motion to strike out; and our opinion is that the Code of Practice and the Pleading and Practice Act contain everything that is necessary or useful in the regulation of pleading and practice in this State. * * *"
In Hooper v. Harper, 38 So.2d 802, 803, the Court of Appeal for the Second Circuit said:
“ * * * It is conclusively established in our jurisprudence that a ‘motion to strike’ has no place in our pleading and practice. Davies v. Consolidated Underwriters, La.App., 14 So.2d 494; Atchley v. Horne, La.App., 13 So.2d 75; Central Savings Bank & Trust Company v. Oil Field Supply & Scrap Material Company, La.App., 12 So.2d 815; Id., 202 La. 787, 12 So.2d 819; Perez v. Meraux, 195 La. 987, 197 So. 683; State ex rel. Sutton et al. v. Caldwell, 195 La. 507, 197 So. 214; Babst v. Hartz et al., 161 La. 427, 108 So. 871.”
Counsel for plaintiff place great reliance on the decision of the Supreme Court in *547 Benham, Ziegler & Co., Inc., v. Mouledoux, 175 La. 711, 144 So. 428, 429. They say that that decision is conclusive of the issue here presented. There the Supreme Court said:
“A judgment, rendered by a trial judge, ordering an accounting, whether signed by him or not, is not a final or definitive judgment, but is an interlocutory one. Junek, Tutrix v. Hezeau, 12 La.Ann. 248; Succession of Carriere, 34 La.Ann. 1056; 1 C.J. pp. 610, 611, §§ 49 and 50. It is not, however, an interlocutory judgment, which may work irreparable injury. The error, if any, in ordering the accounting, is such a one as may be corrected by appeal, after the case is finally disposed of in the trial court. Succession of Carriere, supra.
“The reason why the law does not grant an appeal from such a judgment as the present is because it does not favor the bringing up of cases by fragments. Wolff v. McKinney, 21 La.Ann. 634.”
Counsel for defendants, noticing the above quoted language to the effect that a judgment ordering an accounting is not final and definitive, says that, on the other hand, a judgment which denies an accounting is final and that here the complaint of plaintiff-appellee is that the accounting, or at least, a part of it was denied.
In Bossier’s Heirs v. Hollingsworth, 117 La. 221, 41 So. 553, 555, the Supreme Court discussed the meaning of the words “final judgment”, saying:
“We therefore usually understand by the term ‘final judgment’ .that judgment which, disposing of all the issues not previously disposed of by interlocutory judgments, is the last judgment which the court renders. If this be not so, there may be, in any given case, as many appeals as there are issues presented, and as the law authorizes the cumulation of separate actions in the same demand (Code Prac. art. 148), a single suit may be infinitely divided, with divisions and subdivisions pending, at the same time, in different courts. The judgment now under consideration does not dispose of all the points in controversy between the parties, nor does it cause the parties against whom it was ■rendered irreparable injury, and, in neither of these respects, is its character affected by the fact that it bears the judge’s signature.
“It can be reviewed, on the appeal from the judgment which may ultimately be rendered in the case (provided the plaintiffs take such appeal or answer it, as the case may be); but we do not think that it would conduce to an orderly administration of justice to review it at this time, * *
The question is a very interesting one. We think that an appellate court should have the right to notice such a situation and to order the parties to show cause why it should not be decided in advance of the hearing on the merits that certain issues had not been brought up and could not be considered. There may well be situations in which such action by an appellate court would dispose of issues which otherwise might require a tremendous amount of preparation which would be entirely wasted should the court, after 'hearing the entire matter, then decide that these issues were no longer in the case and should not have been considered.
However, we think that that situation is not presented here. We think the plaintiff had the right to answer the appeal and that by the filing of such answer there was retained as an issue the question of whether or not plaintiff was entitled to an accounting on all of the items to which we have so often referred.
When the first judgment was rendered, though it ordered only a partial accounting, plaintiff was not required to do more than to await the rendering of that account and to then appeal from the final judgment and by that appeal raise all of the issues which were originally presented. However, since the defendants appealed plaintiff was within her rights in not herself appealing and *548 in merely answering the appeal1'of the defendants. Our conclusion is that when the matter is heard on the appeal of the defendants there should be considered not only the correctness of the accounting which was rendered on the real estate on Magazine Street, but also whether an accounting should have been ordered as to the other items of the estate of Jacob Winsberg.
When the matter was argued before us our attention was not directed to the fact ■that in the petition of plaintiff in which an accounting is prayed for there is also a prayer for a money judgment for such amount as may be shown by the accounting to be due and there is also an allegation •that this amount will be in excess of $2,000. When we noticed these allegations there entered our minds some doubt as to our jurisdiction ratione materiae and we called upon counsel to furnish briefs on the subj ect.
It is well settled that "appellate jurisdiction is determined by the amount in dispute at the time when the judgment is rendered in the court of original jurisdiction.” Jackson v. Perkins, 221 La. 525, 59 So.2d 708, 709. This made it necessary, if we were to determine whether this Court had jurisdiction, that we determine just what was in dispute when the matter was submitted for judgment in the District Court. If, as contended by appellants, there was no longer in controversy the question .of an accounting on the other items, then 'at that time there remained in the case only the issue of whether the appellants owed or did not owe $1,460 and consequently there remained at issue not a sufficient amount to require that the appeal should go to the Supreme Court.
If, on the other hand, there remained in the case the contention that there should be an accounting on all those other items and that such an accounting would show more than $2,000 in dispute, then in view of the fact that the petition contains a prayer for such amount as such accounting will show to be due, the amoimt in dispute when the matter was submitted below was more than $2,000.
In his brief in support of the jurisdiction of this Court counsel for appellants directs our attention to a decision of the Supreme Court in Thalheim v. Gruhler, 216 La. 502, 43 So.2d 907, 908, and says that it is there held that a suit for an account, when dismissed, is appealable only to the Supreme Court. We do not so read that decision. There the plaintiff sought an accounting but the Supreme Court said that the petition did not contain an allegation and the record did not contain proof “relating to any pecuniary amount that might be involved.” In the Supreme Court the “appellant * * * filed an affidavit purporting to show that the amount involved falls within our [the Supreme Court’s] jurisdiction.” (Brackets ours.) Then the Court said that it was not convinced that there was involved an amount of more than $2,000. But we read the decision as a clear-statement to the effect that the Court would have sustained its jurisdiction had it found that more than $2,000 was involved in the accounting. In the case at bar the petition contains the allegation,; which if true, clearly shows that more than $2,000 is involved and it also contains a prayer for such amount as the accounting will show to be due. Counsel for appellant refers to these allegations and says that they do no more than show that in the opinion of plaintiff the interest of Hermand W. Winsberg in the estate of Jacob Wins-berg is valued at more than $2,000. Counsel for appellee concede that the mere fact that a petition contains an allegation as to the value does not make it necessary that the jurisdiction on appeal be determined by that allegation where it is obvious that' the ■ allegation is an exaggeration, or is absurd.
Here we do not think that the allegation can be said to be an exaggeration or absurd. The record convinces us that if the contentions of plaintiff "are well founded the amount which is involved will exceed the $2,000 maximum of which this Court has jurisdiction. As a matter of fact it is conceded by defendants that the accounting on only one item of the estate would show an indebtedness of $1460. In view of this we cannot brand as an exag *549 geration the allegation that the accounting' on the entire estate would show an indebtedness of more than $2,000.
It seems strange that in order to ascertain whether we have jurisdiction we must consider the issue which is presented and which we have no jurisdiction to determine, but we cannot decide whether we have juris-' diction in any other way.
Having concluded that the amount involved exceeds $2,000 it becomes necessary that we transfer the appeal to the Supreme Court.
It is now ordered, adjudged and decreed that the appeal be transferred to the Supreme Court of Louisiana pursuant to law, LSA-R.S. 13:4441, 13:4442, which transfer is to be effected within sixty days, and if such transfer should not be made within that time, then and in that event the appeal is to stand as though it had been dismissed. Appellant is to pay all costs in this Court.
Appeal transferred to the Supreme Court.