Cary vs. Richardson.

## No. 8113.

### G. W. CARY vs. J. P. RICHARDSON.

Examination of the differences between interlocutory and final judgments.

Oral testimony is inadmissible between the parties to a written contract to show simulation. This can be done only by a counter letter, or written evidence amounting thereto. Conversations or understandings anterior to the date of the instrument attacked are presumed to be included in it. The rule applies to all written acts, whether they relate to immovables or to movables. The unbending jurisprudence of this State does not allow a party to vary or destroy his own voluntary declarations or written agreements by anything short of written evidence.

The rule is not binding on third parties. Oral testimony may be admissible, however, between the parties to prove a new and subsequent agreement as regards some part of the previous one.

The oral testimony received to show simulation of an act of dissolution of a partnership and a sale by one partner of his interest therein to another should have been rejected.

| 35 | 505 |
| 52 | 498 |
| 35 | 505 |
| 107 | 553 |
| 35 | 505 |
| 110 | 495 |
| 35 | 505 |
| 112 | 79 |
| 113 | 454 |
| 35 | 505 |
| f122 | 606 |
| 35 | 505 |
| 123 | 817 |

APPEAL from the Second District Court for the Parish of Orleans. *Tissot*, J.

*John A. Campbell* and *Bayne & Renshaw* for Defendant and Appellant.

*E. H. Farrar, Amicus Curiæ.*

### ON MOTION TO DISMISS.

The opinion of the Court was delivered by

BERMUDEZ, C. J. The plaintiff and appellee moves to dismiss this appeal, because the judgment complained of is not final and such an interlocutory decree as may cause an irreparable injury.

The prayer of the petition is, 1st, that there be judgment dissolving a partnership as of a certain past date; that the accounts of the concern be examined into and reported upon by auditors; 2d, that there be judgment against the defendant for the amount found due by the experts, and for a further sum of $25,000.

The defendant joined issue, resisting plaintiff's pretensions, but admitting a dissolution.

After a protracted trial, the developments of which are illustrated by a transcript covering some 720 pages, a judgment, termed "*interlocutory*," was rendered, declaring the existence and dissolution of the partnership; that its affairs are unsettled; that the plaintiff has contributed $30,000; that he has an interest of one-third; that the possession of its effects is in the defendant, who is to account for the same; that auditors be appointed to state the accounts between the parties and that they report the same.

This judgment was signed many days after its rendition, and is appealed from by the defendant.

64

It is not always easy to discriminate between *interlocutory* and *final* judgments, particularly which, among the former, can or not cause an irreparable injury. There exists, however, a signal difference between the two. Interlocutory judgments are the decrees rendered, whether before or after the suit is ended and all the matters involved therein are set at rest. They are ancillary to, or executory of the final and complete adjudication, and do not pass upon the merits of the controversy. Final judgments are those by which rights of parties, at issue on the merits of the suits, are adjudicated upon partially or entirely. C. P. 538, 539. Definitive judgments are those adjudications which have acquired the force of *res judicata*, by which the questions determined are set at rest beyond possibility of revision by appeal. C. P. 539; 1 Cranch, 103; 3 Bl. Com. 398; Freeman on Judgments, §§ 16, 21, 24, 34, 36; 7 Cal. 27; 8 Cal. 57.

There is no limit to the number of interlocutory or final judgments which may be rendered in the course of certain judicial proceedings; particularly in those which contemplate the settlement of the affairs of a deceased or insolvent person or corporation. Hundreds of instances will readily suggest themselves to the mind of experienced practitioners. An appeal lies from all judgments, whether interlocutory or final, in appealable cases; but, as regards the former, *only* where, by not being appealed from, an irreparable injury may be sustained, and where, having a character of finality, they may become *res judicata.* C. P. 566; 1 N. S. 73; 3 R. 103; 11 R. 453; 9 L. 161; 15 L. 521; 2 An. 964; 3 An. 217; 7 An. 171; 9 An. 344; 10 An. 462; 12 An. 87, 455; 22 An. 200; 26 An. 57; 28 An. 880, 889, 903; 30 An. 1084; 31 An. 823; H. D. 26 *et seq.;* L. D. 15 *et seq.;* O. B. 34, 789.

There are many cases in which judgments may be rendered which are sufficiently final to authorize an appeal, although not final on all the matters in dispute. 9 M. 519. It is not always necessary that the order itself should work an irreparable injury. It is sufficient if it be such as, by the final action of the court, would cause such injury. 6 L. 435; 2 R. 342; 3 R. 103; 11 L. 452; 8 R. 442; 7 An. 141, 545; 9 An. 344; 10 An. 463; Freeman on Judgments, §§ 21, 24.

An interlocutory judgment should not trench upon the merits of the cause; but the moment that it does, it acquires a character of finality, which assimilates it to a final judgment and renders it appealable. It is not essential for a judgment to be final, that it should settle *all* the rights existing between the parties to the suit. All that is required is, that it determine issues involved on the merits of the action. The judgment is none the less final, because some future orders of the court may become necessary to carry it into effect. The nature of such an order depends upon the effect produced by the adjudication upon

the rights and interest of parties. The stage at which it is made is not the test for appellate purposes. If an interlocutory order will finally affect the merits of the case, or deprive a party of any benefit which he may have at the final hearing, an appeal is allowable. It is not always absolutely required to dispose of the entire merits of a cause and all the parties before the court, as a necessity to a final decree. Any order or decree finally settling any right or interest in controversy between the parties to a cause is final and reviewable. Loring vs. Ilsey, 1 Cal. 27; 8 Cal. 57; Perkins vs. Sierra Nevada S. M. Co., 10 Nev. 405; Barry vs. Briggs, 22 Mich. 201; Kennedy vs. Kennedy, 2 Ala. 471; 3 Ala. 434; Barfield vs. Impson, 2 Miss. 326; Tucker vs. Yell, 2 Ark. 420; Ware vs. Richardson, 3 Md. 505.

Where a decree ascertains and settles the rights of the parties in litigation, it is reviewable, although the cause may be referred to ascertain facts for an account. A decree giving all the consequential directions, so as finally to dispose of the whole case upon the coming in and confirming of the report, is a final decree. Cruyer vs. Douglass, 2 N. Y. 571; 7 Paige, 18; 9 Paige, 189, 636; 10 Wall. 586; 10 Paige, 131; 11 Paige, 189; 1 Barb. Ch. 21; 3 Id. 382; 1 Johns. Ch. R. 77–81; 7 Caldwell, 416; 10 Wall. 583.

It is only necessary that all the rights of the parties in the controversy be settled and determined, to make the decree final, so as to authorize it to be reviewed. It is not only the last order in the case, approving the report, that is the final decree from which an appeal may be prosecuted, but it is the decree which fixes and settles the rights of the parties. Other decrees, which follow it, are in the nature of an execution of the decree, and not the final decree of the case. Myers vs. Manny, 63 Ill. 211.

It is true that, in 6 N. S. 350, the Court said that a partition suit is terminated *only* by the decree of final homologation, and that the judgment decreeing the partition, fixing the ownership of the parties and adjusting the collations between them, is only interlocutory, but the weight of authority, as well as of reason, is against the doctrine. 10 L. 50; 11 L. 494; 1 R. 512; 7 An. 529; 18 Mich. 163.

In Woolfolk vs. Woolfolk, 30 An. 146, the Court said:

"We are at a loss to understand why a judgment, rendered upon issues regularly formed by petition and answer, passing upon the titles of the litigants, decreeing their respective portions in property, and fixing their indebtedness to each other, wants any of the essentials of a definitive decree. The rule or motion to homologate a partition, when made, is, in some sort, a *new* proceeding requiring notice, and to be followed by *another* decree. We do not understand that upon trial of such rule one can again bring into question the matters adjudicated

in the original judgment of partition, but the contest is confined then to things done in execution of it. It is doubtless true, that until this decree of homologation and confirmation is rendered, the partition cannot be regarded as, or have the effect of a judicial partition, but that does not prevent the decree of partition in so far as it adjudicates upon the rights of the parties as between themselves from being final." 63 Ill. 211 ; 13 Pet. 6 ; 2 Black, 524, 539 ; 2 Wall. 106.

Whatever may be the character of the judgment in this case, it is clear that it is not a purely interlocutory judgment. It passes upon rights and decides questions of great importance to the parties, raised on the merits and which might have formed the object of a distinct suit. Its decretal portion is premonitory of the ultimate decree or judgment in the case. If unappealed from, not being revisable by the court by which it was rendered, it would have acquired the force of *res judicata* by the lapse of time, and so concluded the parties. It exhausts, so far, the powers of the court ; and is appealable, that its correctness may be tested. The defendant was left no other alternative but to appeal or acquiesce.

The motion to dismiss is denied.

Mr. Justice Fenner recuses himself, having been of counsel.

### ON THE MERITS.

The nature of this controversy is sufficiently stated in the opinion on the motion to dismiss. It may not, however, be useless to state that its object is the dissolution of a commercial partnership and a liquidation of its affairs.

The petition contains a charge that there was a fictitious and simulated dissolution on the 13th of September, 1879 ; that simulated instruments of writing were signed, but that they are of no effect. The plaintiff avers that he remained a partner till in October following, and that there were profits, which should be divided between the partners in a stated proportion.

The defense is, that the partnership was legally dissolved by consent on the 13th of September, 1879, and that the interest of plaintiff in it was then purchased by the defendant.

After hearing evidence and the parties, the court declared that the partnership had been dissolved on the 13th of September, 1879 ; announced the rights of the partners, and decreed that auditors be appointed to state the accounts between them, with instructions to report of their finding. From this judgment the defendant has appealed.

On the trial the plaintiff offered oral testimony to show that the instruments signed by him, from which it appears unambiguously that the partnership was dissolved by consent on the 13th of September,

1879, and that he sold his rights in the concern to the defendant and that the dissolution was advertised, were simulated, and so, inoperative. To the admission of this proof the defendant objected. The testimony having been allowed, the defendant took a bill, upon which he insists.

It is not alleged that the documents were signed and uttered in error, or on fraudulent representations, or obtained by violence.

" Where parties have deliberately put their engagements into writing, in such terms as import a legal obligation, without any uncertainty as to the object or extent of such engagement, it is conclusively presumed that such engagement of the parties and the extent and manner of their undertaking was reduced to writing, and all oral testimony of a previous *colloquium* between the parties, or of conversations or declarations at the time when it was completed, or afterwards, is rejected, as it would tend, in many cases, to substitute a new and different contract for the one which was really agreed upon, to the prejudice possibly of one of the parties." In other words: " Parol contemporaneous evidence is inadmissible to contradict or vary the terms of a valid written instrument." The duty of the court is to ascertain what is the meaning of the words used. It is a duty of interpretation. Greenleaf, Vol. 1, §§ 275, 277.

The Code is express, that parol evidence shall not be admitted against or beyond what is contained in the acts, nor on what may have been said before, at the time of making them, or since. R. C. C. 2276, 2242, 2244, 2238.

The rule is consecrated by law and jurisprudence that, as between the parties to a written act, the only admissible evidence to prove *simulation* is a counter letter, which is proof of equal dignity. R. C. C. 2238, 2239. The unbending jurisprudence of this Court does not, accordingly, allow a party to vary or destroy his own voluntary declarations, or written agreements, by anything short of written evidence. The rule applies not only to agreements relating to immovables, but also to such as concern movables.    12 An. 740;  7 R. 96;  5 R. 111;  2 L. 48 ;  4 An. 441 ;  5 R. 327 ;  12 An. 857 ;  16 An. 150.

It was distinctly held in an analagous case, that where, by a written agreement entered into at the time of dissolving a partnership, one of the partners, who purchased the common stock, bound himself to pay all the partnership debts, parol evidence was inadmissible to prove a guaranty of the other partner that the debts did not exceed a certain sum.    7 R. 96.

However, where parties to a written contract, by mutual consent enter into a new subsequent agreement as regards some part of it, it has been held that proof of the latter may be made by parol; but that conversations or understandings preceding the contract are presumed

to be included in the act.  4 L. 30; 17 An. 32; 5 How. 273; but see 5 R. 326.

The written evidence, consisting of letters to and from a mutual friend, admitted, it is claimed, as part of the *res gestœ*, if entitled to any weight, does not affect the act of dissolution and purchase of rights of September 13th, 1879, and the testimony received shows no new agreement or contract subsequent to the date of that act, which is conclusive upon the parties and must serve to terminate the controversy between them.

The lower court erred in deciding as it did.  Whatever be the character of the signed judgment appealed from, it is such as can be now reviewed, so as to set the differences of the parties forever at rest.

The evidence clearly shows that the dissolution took place by consent on the 13th of September, 1879; that the interest of the plaintiff in the concern was then purchased by the defendant, and that their separation was, under their signatures, duly advertised and publicly announced.  It is positive, uncontradicted, and concludes the plaintiff absolutely, who is, therefore, without interest in this suit.

It is, therefore, ordered and decreed that the judgment appealed from be reversed; and it is now ordered, adjudged and decreed that there be judgment in favor of the defendant, rejecting plaintiff's demand, with costs in both Courts.

Fenner, J., recuses himself, having been of counsel.