**57 So.2d 737**

**Succession of MALLARY.**

**No. 40588.**

Jan. 14, 1952.

Rehearing Denied Feb. 18, 1952.

Deramee & Deramee, and Edmond L. Deramee, all of Thibodaux, Wisdom & Stone; John Minor Wisdom and Paul O. H. Pigman, all of New Orleans, for appellant.

Rene R. Nicaud, New Orleans, for appellee.

MOISE, Justice.

We have for consideration the merits of the motion to dismiss the appeal filed herein.

Appellant alleges in Article I of the petition for the appeal that she (Mrs. Sarah A. Mallary) "is aggrieved by the *final* judgment * * * rendered * * * September 5, 1950 and signed on September 18, 1950", and (Article II) that she "desires to appeal devolutively therefrom, as well as to appeal devolutively from a certain interlocutory judgment incident to the final judgment hereinbefore rendered * * * on March 9, 1950 and signed on April 26, 1950".

Appellees urge the following grounds for the dismissal of the appeal:

(1.) That the appellant has failed to cite certain necessary parties to the appeal; (2) that the appellant has failed to file her appeal timely from the *final* judgment of April 26, 1950, but rather has prosecuted an appeal from an interlocutory decree (an order of September 18, 1950), and (3) that appellant has acquiesced in both judgments by executing the same.

The facts of record are as follows:

M. Melville Mallary died in the State of Illinois, at his domicile, on November 15, 1947, leaving a will and codicil thereto, duly probated in the court of his domicile, and valid as to form and disposition in accordance with the laws of Illinois. Appellant, his widow, qualified as Testamentary Executrix under said will, and subsequently opened ancillary proceedings in Lafourche Parish, Louisiana, where decedent owned certain real property (he also owned certain property in Orleans Parish). Appellees are the daughter and grandson (son of a predeceased son) of decedent by his first marriage; they instituted suit in the Seventeenth Judicial District Court for the Parish of Lafourche, to have the will declared null and void as to all property left by decedent within the State of Louisiana, and to have themselves recognized as his sole forced heirs, and as such, entitled to an undivided one-half interest each in and to all of said property. Judgment was rendered on March 9, 1950, and signed on April 26, 1950, in favor of the plaintiffs and against the defendants, decreeing that the last will and testament of the deceased, M. Melville Mallary, dated November 25, 1941, filed in said proceedings, was null

and void and ineffective insofar as any property of the decedent within the State of Louisiana. This judgment further recognized Mac Campbell Mallary and Mrs. Mae Mallary, wife of Ellis Salyer, as the only forced and legal heirs of the decedent, and as such entitled to the ownership in the proportion of an undivided one-half interest to each, of all of the property, of whatsoever nature or kind left by decedent within the State of Louisiana.

The defendant did not file her appeal from said judgment (signed on April 26, 1950) until September 17, 1951. The appeal was, therefore, taken seventeen months after rendition of the judgment, and the time for a devolutive appeal had already elapsed. That judgment has now the force of a thing adjudged and is res adjudicata.

The order which the appellant in the petition for appeal characterizes as a final judgment is dated September 18, 1950, and was rendered on a rule to show cause why the executrix (appellant) should not file her final account, terminate the administration and deliver the assets to the heirs, and why the latter, Mac Campbell Mallary and ·Mrs. Mae Mallary, wife of Ellis Salyer, should not be placed in possession of all of the property of the succession within the State of Louisiana, as sole legal and forced heirs. The order directed the executrix to file her final account within twenty days from date, and upon its homologation to deliver the estate to the heirs, and that they be placed in possession accordingly. On October 10, 1950, the executrix filed her final account, which was duly advertised according to law; on March 14, 1951, she filed an amendment thereto, and on the same day, March 14, 1951, the final account, as amended and modified, was approved and homologated. Thereafter no further action was taken by the executrix to carry out the order directing delivery of the assets to the heirs. On July 30, 1951, said forced heirs, appellees herein, petitioned the court to be placed in possession, and on July 30, 1951, judgment was signed accordingly.

This appeal is prosecuted from what the executrix terms (in her petition for appeal) the "final judgment of possession * * * signed on September 18, 1950", and "a certain interlocutory judgment rendered on March 9, 1950 and signed on April 26, 1950." In brief, however, she urges that both of these judgments are interlocutory, and that she is still entitled to an appeal from the "Judgment of Possession (July 30, 1951.)"

Appellant has predicated her appeal upon an erroneous conclusion of law. The judgment of April 26, 1950, declaring decedent's will null and void insofar as it affected his property situated in Louisiana, and recognizing appellees as sole forced heirs of decedent and entitled to the ownership thereof in the proportion of an undivided one-half to each, was definitive and final as to the attack on the will.

"It is not essential for a judgment to be final, that it should settle all the rights existing between the parties to the suit. All that is required is, that it determine issues involved on the merits of the action. The judgment is none the less finally, because some future orders of the court may become necessary to carry it into effect. The nature of such an order depends upon the effect produced by the adjudication upon the rights and interest of parties. The stage at which it is made is not the test for appellate purposes." Cary v. Richardson, 35 La.Ann. 505, 506–507.

It is clear that the decree in this case, of April 26, 1950, was a final judgment at the time of its rendition and is now a definitive judgment as more than one year has elapsed since its rendition and signing. The judgment of September 18, 1950, cannot change the decision on the issues decided by the final decree of April 26, 1950, which held the decedent's will null and void and which recognized the ownership of Mac Campbell Mallary and Mrs. Mae Mallary Salyer of all of the property of the decedent within Louisiana, as his sole heirs. As to these questions the judgment of April 26, 1950, is now res adjudicata. Actually, however, the judgment of September 18, 1950, was nothing more than an order making absolute the rule to show cause against the executrix requiring her to file a complete and final account of her administration so that after its homologation, distribution could be made, the heirs placed in possession and the succession concluded. It was not even a judgment of possession as designated by the petition for appeal. The order or judgment of September 18, 1950, is an interlocutory order incidental to and in execution of the previous decree adjudging the nullity of the will and recognizing the ownership of the heirs, from which judgment no appeal has been timely taken. We fail to see how it affected the merits of the case, which had already been determined, or how it worked any irreparable injury to the executrix.

Counsel for appellant has argued that the final account was filed under compulsion, and therefore that the executrix cannot be held to have acquiesced in either of the judgments appealed by having *voluntarily* executed the same; further, that "where the appeal is devolutive, the appellant, the party aggrieved by such decree, is obligated to comply with the decree—otherwise he is in contempt of court." It would create a judicial hiatus, were we to decide that the performance by a succession representative of the duties mandatorily imposed upon him (her) by law is left to his (her) own volition or discretion.

For the reasons assigned, the motion to dismiss this appeal is sustained, appellant to pay all costs.