LANDRY, Judge.
In this court plaintiffs-appellees moved to dismiss the appeal herein taken by defendants-appellants for the reason that the judgment appealed from is not included within any of the classifications of judgments which are declared appealable by Article 2083, LSA-C.C.P., namely, (1) a final judgment, or (2) an interlocutory judgment which may cause irreparable injury.
We believe that a clearer understanding of the positions of the adverse parties will be afforded by a chronological review of the facts and circumstances which culminated in this appeal and which will reflect the status of this litigation when the instant appeal was taken.
On January 2, 1962, plaintiffs-appellees instituted this suit as a possessory action. In their original petition plaintiffs allege physical possession of subject property openly, publicly, peaceably and without interruption for more than one year prior to institution of suit. Plaintiffs further allege that defendants have slandered plaintiffs’ title to the property in dispute by the execution of an oil, gas and mineral lease in favor of Texas Liberty Gas Corporation covering subject property under date of December 1, 1961, which said mineral lease was recorded in the records of Terrebonne Parish, Louisiana, December 19, 1961.
On January 19, 1962, defendants were granted an extension of 20 days (to February 8, 1962) within which to answer and plead in defense of plaintiffs’ demand.
Thereafter, on February 2, 1962, petitioners filed a Request for Admission of Facts pursuant to the authority of Article 1496 LSA-C.C.P. requesting and requiring that the facts therein stated be admitted or denied by defendants in the manner provided for by law within IS days from February 2, 1962 (the date shown on the postmark of the envelope in which certified copies of said Request for Admission of Facts were mailed to each defendant).
Subsequently on February 12, 1962, defendants filed Exceptions of No Right and No Cause of Action which in substance amounted to an exception of want of pos *817 session. Defendants’ Exceptions of No Right and No Cause of Action were duly tried by the court below which tribunal on February 20, 1962, rendered judgment referring said exceptions to the merits.
Twenty-one days after the mailing of plaintiffs’ Request for Admission of Facts, namely, on February 23, 1962, defendants filed answers thereto. Plaintiffs then, on February 24, 1962, petitioned the court for Rule Nisi ordering defendants to show cause why the facts alleged in plaintiffs’ Request for Admission of Facts should not be deemed admitted, which said rule was returnable March 9, 1962. Prior to trial of the aforesaid rule, defendants answered plaintiffs’ initial petition, said answer being filed on March S, 1962. After trial on March 9, 1962, judgment was rendered making plaintiffs’ rule absolute, decreeing defendants’ answer to plaintiffs’ Request for Admission of Facts to be null, void and of no effect and adjudging the facts set forth in plaintiffs’ Request for Admission of Facts to be deemed admitted by defendants. Predicated on the contention that the facts thus declared to have been admitted by defendants disposed of all of the factual issues involved in this controversy, plaintiffs, pursuant to the provisions of Article 966, LSA-C.C.P., on March 12, 1962, filed a motion for summary judgment herein, which said motion was set for trial April 2, 1962. However, before trial of plaintiffs’ motion for summary judgment, defendants herein moved for and were granted a devolutive appeal from the trial court’s judgment of March 9, 1962, declaring the facts contained in plaintiffs’ Request for Admission of Facts to have been admitted.
Prior to adoption of the presently effective Code of Civil Procedure, Article 539 of our former Code of Practice defined final judgments as those that disposed of all points in controversy. The definition thus established was, however, extended and modified in Cary v. Richardson, 35 La.Ann. 505, which decision held that it is not always necessary that a judgment dispose of all issues to constitute it a final judgment. In effect the Richardson case, supra, held that a judgment which disposes of any issue which will finally affect the merits of a cause or deprive a party of any benefit 'to which he might be entitled to upon trial is thereby assimilated to a final judgment and, therefore, appealable. In the Richardson case, supra, we note the following:
“An interlocutory judgment should not trench upon the merits of the cause; but the moment that it does, it acquires a character of finality, which assimilates it to a final judgment and renders it appealable. It is not essential for a judgment to be final, that it should settle all the rights existing between the parties to the suit. All that is required is, that it determine issues involved on the merits of the action. The judgment is none the less final, because some future orders of the court may become necessary to carry it into effect. The nature of such an order depends upon the effect produced by the adjudication upon the rights and interest of parties. The stage at which it is made is not the test for appellate purposes. If an interlocutory order will finally affect the merits of the case, or deprive a party of any benefit which he may have at the final hearing, an appeal is allowable. It is not always absolutely required to dispose of the entire merits of a cause and all the parties before the court, as a necessity to a final decree. Any order or controversy between the parties to a cause is final and reviewable.”
From the foregoing it appears that a judgment may assume the aspects of finality even though some future order of the court may be necessary to render it efficacious or executory. The rationale of the hereinabove cited Richardson decision is that finality is not necessarily dependent upon immediate efficacy of a judgment or order but rather upon the effect which the adjudication in question produces upon the rights and interests of the litigants.
*818 Article 2083, LSA-C.C.P., effective January 1, 1961, provides as follows:
“Art. 2083. An appeal may be taken from a final judgment rendered in causes in which appeals are given by law whether rendered after hearing or by default, and from an interlocutory judgment which may cause irreparable injury.”
Judgments, both interlocutory and final, are defined in Article 1841, LSA-C.C.P. as follows:
“Art. 1841. A judgment is the determination of the rights of the parties in an action and may award any relief to which the parties are entitled. It may be interlocutory or final.
“A judgment that does not determine the merits but only preliminary matters in the course of the action is an interlocutory judgment.
“A judgment that determines the merits in whole or in part is a final judgment.”
We note that the reporter’s comments upon Article 1841, LSA-C.C.P. indicate that the third paragraph of said article reflects the jurisprudential modification and extension of Article 539 of our former Code of Practice as enunciated in Cary v. Richardson, supra.
It is a fundamental rule in our jurisprudence that laws in pari materia must be construed in conjunction with each other. LSA-R.C.C. Article 17. It is clear, therefore, that Articles 1841 and 2083, LSA-C.C.P. must be interpreted in conjunction with each other and that so construed they provide that the following judgments are appealable under our presently existing law:
(1) a final judgment which determines the merits in their entirety;
(2) a final judgment which determines the merits in part; and
(3) a judgment which determines only preliminary matters in the course of an action (an interlocutory judgment) which may cause irreparable injury.
There can be little question but that the instant action would have fallen into the classification of an action in jactitation or slander of title suit within the definition of such causes in effect prior to the effective date of our new Code of Civil Procedure. Our consideration of the applicable articles of LSA-C.C.P. reveals that the action formerly designated as an action in jactitation or slander of title has been merged with the possessory action. See Articles 3655-3662, inclusive LSA-C.C.P. Under the former jurisprudence, particularly Ware v. Baucum, 221 La. 259, 59 So.2d 182, the only possible issues determinable in the jactitory action (in the absence of defendant’s claim of ownership of the property in dispute) were the alleged possession of plaintiff and defendant’s purported slander. In view of the allegations of plaintiffs’ petition and the nature of the relief sought the instant action is clearly a possessory action as defined in LSA-C.C.P. art. 3655. Moreover, the only questions at issue in this present possessory action (defendants having made no claim of ownership) are plaintiffs’ alleged possession and defendants’ reputed slander thereof. LSA-C.C.P. art. 3661. We further note that pursuant to Article 3662 LSA-C.C.P., judgment herein in favor of plaintiffs may grant only the following relief: (1) Recognize plaintiffs’ right to possession of subject property and restore plaintiffs to possession if there has been an eviction or maintain plaintiffs’ possession if there has been a disturbance thereof without eviction; (2) Order defendants to assert their adverse claim of ownership by institution of a petitory action within a period not to exceed 60 days or be precluded therefrom thereafter; and (3) Award plaintiffs damages to which plaintiffs may be entitled.
*819 Our careful examination of appellees’ Request for Admission of Facts appearing in the record reveals that defendants were therein formally requested to admit the truth of allegations which in substance state: (1) that plaintiffs and their authors in title have been in complete, unequivocable and undisputed possession of subject property since the year 1934; (2) that defendants have never been in physical possession of the property in dispute; and (3) that defendants have slandered plaintiffs’ title to the property by granting thereon a mineral lease to Texas Liberty Gas Corporation under date of December 1, 1961, which said lease was duly recorded in the Conveyance Records of Terrebonne Parish, Louisiana, December 19, 1961.
It appears, therefore, that the effect of the lower court’s judgment decreeing the facts stated in appellees’ Request for Admission of Facts to be admitted by appellants is, for all practical purposes, tantamount to admitting appellants out of court. The net result of the order is to place appellants in position of having judicially acknowledged as true the salient facts upon which plaintiffs’ entire case is predicated. The importance of the effect of the judgment is readily recognized by appellees who, predicated thereon, have moved for summary judgment on the merits in their favor despite the pendency of defendants’ Exception of No Right and No Cause of Action which is yet to be disposed of. In this connection, we deem it important to point out that the principal issue raised by defendants’ said exceptions, namely, plaintiffs’ alleged lack of possession, would also appear to be foreclosed by the effect of the judgment appealed from since one result of the judgment is that defendants are held to have acknowledged defendants’ asserted possession.
Under the circumstances shown, it is obvious that the judgment appealed from will directly touch upon and effect the merits and outcome of the case. Indeed, at this juncture it appears to have the effect of settling and disposing, adversely to defendants’ position, of all important factual issues presented by the pleadings. As thus construed, the judgment will unquestionably have the effect of depriving defendants-appellants of serious and important rights and benefits, namely, the right to contest plaintiffs’ alleged possession which purported possession is an indispensable prerequisite to plaintiffs’ right to maintain the present action.
Although the judgment appealed herein is not in itself executory and will not become so until judgment in favor of plaintiff predicated thereon is formally rendered and signed pursuant to appellees’ motion for summary judgment, it is nevertheless perfectly obvious in the case at bar that the whole purpose, aim and intent of the judgment herein assailed is to lead to and form the foundation for the formal judgment for which plaintiffs herein have made application. Under such circumstances, the judgment is assimilated in character to a final judgment and is, therefore, appealable.
Accordingly, appellees’ motion to dismiss the instant appeal is denied.