ON MOTION TO DISMISS
HALL, Judge.
Eugene H. Daste died at his domicile in the City of New Orleans on July 16, 1964 survived by his widow in community. He had no forced heirs. The bulk of his estate was separate property which he had acquired before his marriage. He left a last will and testament in olographic .form dated October 14, 1960 in which he bequeathed special legacies to various blood relations. His widow was also made a legatee under the will.
The will was duly probated and decedent’s brother, Aristide B. Daste qualified as testamentary executor thereunder. Inventories were taken and the testamentary executor proceeded with the administration of the estate.
On January 13, 1966 the testamentary executor filed his Final Tableau of Distribution together with a rule to homologate the same. On January 20, 1966 decedent’s widow, Mrs. Mae Coltraro Daste filed an opposition thereto and on February 1, 1966 filed a supplemental and amended opposition thereto.
On July 6, 1966 the Trial Judge rendered judgment the preamble of which reads as follows :
“After hearing the various pleadings including the Rule for Possession filed by the widow on November 22, 1965, the Final Tableau of Distribution filed by the Testamentary Executor on January 13, 1966, the opposition of the widow thereto, the Rule to Show Cause on various particular legatees and the Testamentary Executor filed by the widow on February 1, 1966, and the Supple *294 mental and Amended Opposition to the Final Tableau of Distribution filed by the widow, and the various answers to said pleadings, and reconventional demands filed by the Testamentary Executor and particular legatees, and on further hearing of the evidence and arguments of counsel, and on considering the law and the evidence for the reasons this day assigned * * * ”
Following this preamble the judgment consists of a number of paragraphs, each paragraph being in the form of a judgment on a particular issue involved. Some of the claims of the widow were recognized thereby but most of them were rejected. The judgment concluded by ordering the Testamentary Executor to “file an amended Tableau of Distribution in accordance with this judgment and in accordance with law.”
On July 8, 1966 a motion for a new trial filed by the widow was denied by the Trial Judge.
' On July 15, 1966 the widow, Mrs. Mae Coltraro Daste, was granted a “suspensive and devolutive” appeal from the judgment of July 6, 1966 upon furnishing security in the sum of $5,000.00, the appeal being made returnable on or before August 22, 1966.
No appeal bond was filed by the widow until September 12, 1966. Upon filing the bond on that date the widow discovered that the August 22nd return date for the appeal had never been extended because no extension had been applied for.
The following day, September 13, the widow filed an ex-parte “Motion for Renewal of Appeal” and obtained an order from a judge (other than the Trial Judge) then on duty during vacation. The order reads as follows:
“It is ordered that the devolutive appeal heretofore granted to mover under date of July 15, 1966 be and the same is renewed with security to be furnished as set forth in said order, and that this matter be and it is hereby made returnable to the Court of Appeal, Fourth Circuit on or before the 20th day of Sept, 1966.”
This latter return date was extended to November 18, 1966 and subsequently to January 17, 1967. The appeal was filed in this Court on January 3, 1967.
It is manifest from the above chronology that this appeal cannot be sustained as a suspensive appeal, the bond of appeal not being filed within the fifteen days allowed for perfecting a suspensive appeal. The bond, however, was filed within the ninety days allowed for perfecting a devolutive appeal.
Motions to Dismiss the appeal (four in number) were filed by the testamentary executor and by various legatees.
The Motions to Dismiss are predicated upon many grounds, one of the grounds being that only a suspensive appeal may be taken from a judgment homologating a tableau of distribution. Various grounds, which we do not find it necessary to discuss, are urged against sustaining this appeal, as a devolutive appeal.
Article 3308 of the Code of Civil Procedure (LSA-C.C.P. Art. 3308) reads as follows:
“Art. 3308. Appeal
“Only a suspensive appeal as provided in Article 2123 shall be allowed from a judgment homologating a tableau of distribution. The appeal bond shall comply with Article 2124.
“The succession representatives shall retain a sum sufficient to pay the amount in dispute on appeal until a definitive judgment is rendered. He shall distribute the remainder among the creditors whose claims have been approved and are not in dispute on appeal.” (Emphasis supplied) (See also LSA-C.C.P. Art. 3307 as amended).
The first question presented is whether the judgment appealed from is a judgment homologating a tableau of distribution.
*295 Since the matters covered by the various pleadings mentioned in the preamble of the judgment are all reflected in the tableau of distribution as filed by the executor we have no difficulty in concluding that the judgment of July 6, 1966 is essentially nothing more than a judgment on the rule to homologate the tableau of distribution.
However we are of the further opinion that the judgment as rendered did not actually homologate the Tableau as presented, neither did it homologate the Tableau as thereby amended, but ordered the executor to file an amended tableau in accordance with the judgment. Furthermore there is no mention in the judgment of the executor’s proposal, contained in the Tableau, to sell a certain piece of real estate in order to pay debts. The judgment is therefore not executory in this respect.
We are of the opinion that the judgment of July 6, 1966, considered as an entity, is merely interlocutory and not a final appealable judgment. If it could be considered a final appealable judgment it could be considered as such only upon the theory that it homologated the tableau of distribution as thereby amended; and only a suspensive appeal could be taken therefrom.
Whether an appeal may be taken from any of the component paragraphs of the judgment (such as those denying the widow’s claims) on the ground that they “really partake of final judgments in that they dispose of issues applicable solely to the merits of the case” (see discussion of this matter in Oliphint v. Oliphint, 219 La. 781, 54 So.2d 18. See also LSA-C.C. P. Art. 1841), or whether an appeal therefrom would violate the rule against “piecemeal” appeals, need not be decided.
Assuming arguendo (but not deciding) that such an appeal is allowable it can, in our opinion, be sustained only if it is suspensive. Our reason for so holding is that those paragraphs of the judgment denying the widow’s claims constitute in effect an homologation of the Tableau of Distribution pro tanto, and if an appeal is allowable from those paragraphs such an appeal constitutes in effect an appeal from an homologation of the Tableau pro tanto. Since only a suspensive appeal may be taken from a judgment homologating a tableau of distribution none of its component parts can be appealed in any other’ manner.
To sum up: What we hold is that if the widow is entitled to any appeal at the present stage of the proceedings she is entitled to a suspensive appeal only.
Since the widow, Mrs. Mae Coltraro Daste, did not perfect a suspensive appeal the present appeal must be, and it is hereby dismissed; costs of this appeal to be borne by appellant.
Appeal dismissed.