YARRUT, Judge.
Appellant is the widow of Eugene H. Daste, who died at his domicile in New Orleans, July 16, 1964. He left an olo-graphic will bequeathing special legacies to various persons, including Appellant. On January 13, 1966, decedent’s brother, the Testamentary Executor, filed his final Tableau of Distribution, together with a rule to homologate the Tableau. Appellant timely filed an opposition to the Tableau. Among her claims were the following: (1) That she was not to be charged with any of the debts, costs and expenses of the Succession; (2) that the separate property of the estate of the decedent was enhanced by funds of the community estate; (3) that the rents and dividends which have accrued from various properties bequeathed to various legatees belonged to the Succession and not to the particular legatees; (4) that no compensation was due the Testamentary Executor; and (5) that she was a widow in necessitous circumstances and entitled to the marital fourth.
On July 6, 1966, the Trial Judge rendered judgment dismissing Appellant’s claims enumerated above. From this judgment Appellant took a devolutive appeal to this Court. We maintained a motion to dismiss the appeal, for the reasons given below.
Appellant then filed both a petition for a declaratory judgment and oppositions to the Executor’s account filed on July 11, 1966, in response to the Trial Judge’s order of July 6, 1966, to file an amended Tableau of Distribution in accordance with the judgment.
On October 19, 1967, the Trial Judge maintained an exception of res judicata to the claims in the petition for a declaratory judgment, maintaining those claims were the same as those decided against Appellant in the July 6, 1966 judgment. On December 11, 1967 the Trial Judge also maintained an exception of. res judicata to the oppositions filed to the Tableau of Distribution for the same reason, i. e., they had already been tried and decided by the judgment of July 6, 1966.
On January 25, 1968 the Trial Judge rendered judgment on three of the claims made in Appellant’s opposition to the Tableaux. The only claims that were not decided by the July 6, 1966, judgment are the following: (1) Opposition to the *523 amount of attorney’s fees; (2) opposition to the proposal to sell the real property 6468-70 Canal Boulevard; and (3) opposition to the reinvestment of funds from the sale of the immovable to satisfy the usufruct under the will in favor of Appellant.
All oppositions were dismissed. Therefore, all we have before us are appeals from the judgments of October 19, 1967, December 11, 1967 and January 25, 1968.
We will consider the first two judgments which maintained the exception of res judicata, based on the July 6, 1966 judgment. As has been stated above, Appellant took a devolutive appeal to this Court, which appeal was dismissed. Succession of Daste, 195 So.2d 292. Admittedly, we stated in our opinion the judgment of July 6, 1966 was merely interlocutory and not an ap-pealable judgment. However, later in the opinion, we stated:
“Assuming arguendo (but not deciding) that such an appeal is allowable it can, in our opinion, be sustained only if it is suspensive. Our reason for so holding is that those paragraphs of the judgment denying the widow’s claims constitute in effect an homologation of the Tableau of Distribution pro tanto, and if an appeal is allowable from those paragraphs such an appeal constitutes in effect an appeal from an homologation of the Tableau pro tanto. Since only a suspensive appeal may be taken from a judgment homologating a Tableau of Distribution none of its component parts can be appealed in any other manner.
“To sum up: What we hold is that if the widow is entitled to any appeal at the present stage of the proceedings she is entitled to a suspensive appeal only.”
Therefore, we did not decide at that time whether or not the judgment of July 6, 1966, dismissing Appellant’s claims was a final appealable judgment.
We do now decide that it was final and appealable, because it decided at least, in part, the merits of the case. LSA-C.C.P. Art. 1841, provides, inter alia: “A judgment that determines the merits in whole or in part is a final judgment.” (Emphasis added.)
In Cary v. Richardson, 35 La.Ann. 505, in much-quoted language, the Supreme Court held:
“An interlocutory judgment should not trench upon the merits of the cause; but the moment that it does, it acquires a character of finality, which assimilates it to a final judgment and renders it ap-pealable. It is not essential for a judgment to be final, that it should settle all the rights existing between the parties to the suit. All that is required is, that it determine issues involved on the merits of the action. The judgment is none the less final, because some future orders of the court may become necessary to carry it into effect. The nature of such an order depends upon the effect produced by the adjudication upon the rights and interests of parties. The stage at which it is made is not the test for appellate purposes. If an interlocutory order will finally affect the merits of the case, or deprive a party of any benefit which he may have at the final hearing, an appeal is allowable. It is not always absolutely required to dispose of the entire merits of a cause and all the parties before the court, as a necessity to a final decree. Any order or decree finally settling any right or interest in controversy between the parties to a cause is final and reviewable.”
This case has been cited with approval in the following recent cases: Voisin v. Luke, La.App., 142 So.2d 815; Talley v. Bradley, La.App., 177 So.2d 624; Hawthorne v. Humble Oil & Refining Co., La.App., 200 So.2d 52.
Admittedly, because the July 6, 1966 judgment ordered an amendment to the Tableau of Distribution, it was not the last judgment to be rendered in the case. However, in Oliphint v. Oliphint, 219 La. 781, *524 54 So.2d 18, it was pointed out that an ap-pealable judgment need not be the last judgment in the case, if it determined the rights between the parties. Therefore, we find that the exception of res judicata was properly maintained in the judgments of October 19, 1967 and December 11, 1967. Therefore, the. only issues before us are those decided in the judgment of January 25, 1968, which ordered the following: (1) That Appellant be charged with the attorney’s fees of $18,300.00; (2) that the real property 6468-70 Canal Boulevard be sold; and (3) that there be a re-investment of the funds to satisfy Appellant’s usufruct, all for the reasons:
Regarding attorney’s fees, the lower Court granted the attorney’s fees of ten percent as set forth in the latest Tableau of Distribution filed July 11, 1967, based upon the evidence of the amount of work done. The pleadings and evidence adequately demonstrate this Succession has been a very involved and seriously litigated matter. There have been at least three or four trials on various issues. There was one appeal which was dismissed at the instance of the Testamentary Executor and the particular legatees. There were three or four trial briefs or memoranda filed in the Trial Court. The Appellee had to answer an application for writs made by Appellant to this Court, which was denied.
The record satisfies us that the attorney for the Testamentary Executor tried on many occasions to settle this matter until the middle of the year 1965; was representing all parties; and endeavored to avoid any serious litigation'. He did not represent any litigant in this matter except the Testamentary Executor and his daughter, in seeing that the testament was executed in accordance with the Testator’s wishes, and with the law.
The Trial Judge based his allowance of the .legal fees on the testimony of the attorney for the Estate, and that of three other attorneys, all of whom testified they were of the opinion that the fees for the amount of work and litigation handled were reasonable and fair.
Regarding the opposition to the sale of the real property 6468-70 Canal Boulevard, this opposition to the sale by the Appellant is made on the ground the privileged charges and debts should not be paid by preference and that she should receive the residuum free of debts. However, the Trial Judge decided in his judgment of July 6, 1966 that Appellant was the residuary legatee and, therefore, responsible for all debts and charges.
The Tableau of Distribution shows clearly that the Executor has no funds on hand belonging to the Estate, since whatever funds he has belong to the particular legatees, one of whom is Appellant.
Regarding the opposition of Appellant, legatee of the usufruct of an undivided one-half of the property 6468-70 Canal Boulevard, to the re-investment of funds to satisfy her usufruct, the cases of Succession of Russell, 208 La. 213, 23 So. 2d 50; Magee v. Gatlin, La.App., 51 So.2d 154; and State, Through Department of Highways v. Costello, La.App., 158 So.2d 850, hold that the usufruct is not terminated because it becomes necessary to sell the property to pay debts of the Succession, or to sell it because of expropriation by the State.
The Executor correctly contends he must attempt to satisfy all provisions of the will; that the usufruct must attach to the proceeds after the debts are paid in order to give effect to the wishes of decedent.
Accordingly, we must conclude the attorney’s fees are fair and reasonable, and there are no funds in the Succession, which makes it necessary to sell the assets constituting residue, one of which is the one-half interest in the property on Canal Boulevard.
Accordingly, the judgments of the District Court, dated October 19, 1967 and December 11, 1967, which maintained ex *525 ceptions of res judicata, are affirmed; as well as the judgment of January 25, 1968; Appellant to pay the costs in both Courts.
Affirmed.