CULPEPPER, Judge.
This is an appeal from a judgment of the trial court ordering the defendant to amend the accounting previously filed by him of the assets and liabilities of the community of acquets and gains previously existing between plaintiff and defendant.
The record shows the plaintiff filed a petition for an accounting of the community property. The trial court rendered judgment ordering defendant to file his accounting. Defendant filed what he claims to be a sufficient accounting. Plaintiff moved to traverse the accounting filed, contending it is insufficient. The district judge made an oral ruling granting plaintiffs motion to traverse and ordered the defendant to amend his accounting. Defendant filed a previous appeal from the judge’s oral ruling. That appeal was dismissed by this Court because the record did not contain a judgment signed by the district judge, 302 So.2d 342 (La.App. 3rd Cir. 1974). We noted therein that “In view of our above conclusions, it is unnecessary for us to consider the further possible objection that the ruling complained of is interlocutory and therefore not ap-pealable.”
Subsequent to our dismissal of the previous appeal, the district judge signed a judgment dated November 29, 1974, again ordering the defendant to amend his accounting. Defendant has again appealed.
The judgment appealed reads in pertinent part as follows:
“IT IS ORDERED that the schedule of collections on mortgage loans be amended so as to reflect the amounts received, the date on which such amounts were received, and further amended so as to include therein all collections made on mortgage loans.
“IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the accounting be amended so as to reflect in full and with specificity all income of any kind received during the period of the accounting on any and all property belonging to the community of acquets and gains formerly existing between *633 Shirley Hebert and Clarence A. Mestayer, Jr.
“IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the schedule of disbursements be amended so as to particularize each item of disbursement. For example, the Court makes reference to ‘Item 1, personal and business endorsement of loans’. Clarence A. Mestayer, Jr. should set forth with particularity and every personal endorsement which results in disbursement, the exact date of disbursement, and the amount thereof. In the same manner each item under ‘disbursements’ must be particularized item by item.”
We now raise the question, ex proprio motu, of whether the signed judgment is a non-appealable interlocutory decree.
Only final judgments, or interlocutory judgments which may cause irreparable injury, are appealable, LSA-C.C.P. Article 2083. A final judgment is one “that determines the merits in whole or in part.”, and an interlocutory judgment is one that “does not determine the merits but only preliminary matters in the course of the action,” LSA-C.C.P. Article 1841.
We are cognizant of the following excerpt from Comment (a), Official Revision Comments, Article 2083:
“A judgment requiring a defendant to account is appealable. Cary v. Richardson, 35 La.Ann. 505, 507 (1883). Compare, also, Maguire v. Fluker, 112 La. 76, 36 So. 231 (1902) and cases cited Benham, Ziegler & Co. v. Mouledoux, 175 La. 711, 144 So. 428 (1932), holding that a judgment which requires a defendant to account is unappealable, is unsound in principle and has proven unworkable in practice.”
The comment clearly reflects that there is a division of authority as to whether a judgment requiring a defendant to account is appealable.
The principal case holding such a judgment appealable is Cary v. Richardson, supra. In Cary, the petition prayed for the dissolution of a partnership and for an accounting and other relief. The trial court rendered judgment as follows :
declaring the existence and dissolution of the partnership; that its affairs are unsettled; that the plaintiff has contributed $30,000; that he has an interest of one-third; that the possession of its effects is in the defendant, who is to account for the same; that auditors be appointed to state the accounts between the parties and that they report the same.”
In denying plaintiff’s motion to dismiss the appeal in Cary, the court held:
“An interlocutory judgment should not trench upon the merits of the cause; but the moment that it does, it acquires a character of finality, which assimilates it to a final judgment and renders it ap-pealable. It is not essential for a judgment to be final, that it should settle all the rights existing between the parties to the suit. All that is required is, that it determine issues involved on the merits of the action. The judgment is none the less final, because some future orders of the court may become necessary to carry it into effect. The nature of such an order depends upon the effect produced by the adjudication upon the rights and interest of parties. The stage at which it is made is not the test for appellate purposes. If an interlocutory order will finally affect the merits of the case, or deprive a party of any benefit which he may have at the final hearing, an appeal is allowable. It is not always absolutely required to dispose of the entire merits of a cause and all the parties before the court, as a necessity to a final decree. Any order or decree finally settling any right or interest in controversy between the parties to a cause is final and reviewable.”
* * * * * *
“Whatever may be the character of the judgment in this case, it is clear that it *634 is not a purely interlocutory judgment, It passes upon rights and decides questions of great importance to the parties, raised on the merits and which might have formed the object of a distinct suit. Tts decretal portion is premonitory of the ultimate decree or judgment in the case.”
In Ardoin v. Southern Farm Bureau Casualty Insurance Company, 150 So.2d 792 (La.App. 3rd Cir. 1963), we explained the problem facing the court in Cary as follows:
“It is of some interest that the cited decisions were in part based upon the language of the then applicable 1870 Code of Practice Article 539 that ‘final judgments are such as decide all the points in controversy, between the parties.’ (Italics added.) The courts recognized early that this language was misleading, in that a judgment only deciding the merits in part was nevertheless an appealable final judgment. Cary v. Richardson, 35 La.Ann. 505. Because the former 1870 Code of Practice language was misleading, the definition now set forth in the recently-adopted LSA-C.C.P. Art. 1841 (‘A judgment that determines the merits in whole or in part is a final judgment’) replaced the old Code of Practice definition. See Comment b, Official Revision Comments, LSA-C.C.P. Article 1841.”
See also The Work of the Louisiana Appellate Courts for the 1962-1963 Term— Civil Procedure, 24 La.Law Review 291, 311 (1963).
A recent case, Succession of Daste, 254 La. 403, 223 So.2d 848 (1969) involved a trial court judgment which “Ordered, Adjudged and Decreed” that certain rights existed between various parties claiming an interest in the succession. In the same decree, the trial court ordered the executor to file an amended tableau of distribution “in accordance with the judgment and the law.” The Court of Appeal dismissed the appeal filed by the widow of the testator indicating that the trial court’s order was interlocutory and non-appealable, La.App., 195 So.2d 292. The Supreme Court reversed, saying:
“When we decide that the trial court judgment of July 6, 1966 was a final judgment, other than a judgment homol-ogating a tableau of distribution, we, of course, deny the validity of the dicta in the opinion of the Fourth Circuit (195 So.2d 292) to the effect that the July 6, 1966 judgment was interlocutory and non-appealable.
******
“The trial court judgment of July 6, 1966, was final primarily because it ‘Ordered, Adjudged and Decreed’ the rights of the parties on the merits on substantially all of the principal questions in controversy concerning which nothing remained to be done except to incorporate these decisions in an amended tableau to be submitted for homologation. In addition, the judgment decreed a purported codicil ineffective, for it lacked dispositive language; it fixed the widow’s status as residuary legatee and her liability for the succession debts and her ownership of certain stock, funds and other movables; it fixed the entitlement to rents and dividends among the legatees, the compensation of the executor and disposed of claims for enhancement of decedent’s separate estate by the community; and the judgment decreed that the widow was not a widow in necessitous circumstances.
“All of these questions were resolved after protracted hearings involving the taking of testimony and the reception of other evidence. The processes of the law which are preludes to final judgments were fully observed. We have belabored this opinion with a detailed recitation of the substance of the oppositions and the judgment of July 6, 1966 to point out the basis for our finding that the issues involved trenched upon the merits of the cause.
“It may be that the judgment was not a final judgment in the sense that it was *635 the last judgment to be rendered in the case, but it did determine ‘the merits in whole or in part.’ La.Code Civ.P. art. 1841 (1961). And, therefore, it is not an interlocutory judgment which ‘does not determine the merits but only preliminary matters in the course of the action.’ La.Code Civ.P. art. 1841 (1961).
“We have relied to a great extent in this decision upon the authority of Oliphint v. Oliphint, 219 La. 781, 54 So.2d 18 (1951); Garland v. Dimitry, 164 La. 875, 114 So. 718 (1927) and Cary v. Richardson, 35 La.Ann. 505 (1883), for we are unaware of any provision of the new Code of Civil Procedure which would nullify the applicability of the reasons and conclusions announced in these cases decided prior to the promulgation of the Code.”
Tn both Cary and Daste, the decisions appealed from adjudicated some or substantially all of the rights of the parties on the merits. In the present case, the judgment ordering the husband to amend his accounting does not reach the merits. The substantial issue involves the sufficiency of the accounting, i. e., whether it is sufficiently detailed to apprise the plaintiff of the necessary information to determine whether her husband has included therein all of the community assets and liabilities. The judgment of the trial court did not decide any rights of either party in the community of acquets and gains. The district judge only ordered the husband to file a more detailed accounting.
In Prejean v. Ortego, 262 So.2d 402 (La.App. 3rd Cir. 1972), we held that a judgment sustaining an exception of vagueness and ordering the plaintiff to amend his petition is an interlocutory judgment. By analogy, a judgment holding an accounting insufficient and ordering the litigant to amend his accounting is also an interlocutory judgment. Furthermore, the husband has made no showing of irreparable injury. Therefore, we hold that the judgment ordering the husband to amend his accounting is an interlocutory judgment that is.not appealable.
For the reasons assigned, the appeal is dismissed. All costs of this appeal are assessed against the defendant appellant.
Appeal dismissed.