ON APPLICATION FOR REHEARING
Before MILLER, WATSON and CU-TRER, JJ.
MILLER, Judge.
Mrs. Roy’s (the usufructuary’s) application for rehearing should be granted. I think we erred in failing to order $652.35 (the value of the land subject to Mrs. Roy’s usufruct, excluding the mineral value not subject to her usufruct) invested for the naked owner’s benefit subject to the award of the interest on the investment to Mrs. Roy.
Our reliance on Mrs. Roy’s “failure to establish the value” of the usufruct is misplaced for two reasons. First, the relevant jurisprudence applies between the claimant and the State, not as between naked owner and usufructuary. Second, the award for the expropriated property was made for the “value of the land.” No distinction was made between the value of the naked ownership and the usufructuary interest. The parties stipulated to the value of the land and simply did not confront this issue. Therefore the value of Mrs. Roy’s usufruct was included in the award made. While I agree she failed to establish the amount of the usufruct’s value, her usufruct did have a value.
There appears to be no statutory solution to this precise problem. The result reached in Succession of Daste, 210 So.2d 521 (La.App. 4th Cir., 1968) [other issues reviewed and amended, Succession of Daste, 254 La. 403, 223 So.2d 848 (1969)], would be appropriate here. There the funds received for the immovable property sold to satisfy succession debts were ordered invested and interest on the investment was awarded to the usufructuary. Mrs. Daste’s usufruct was a particular legacy while the cases relied on considered legal usufructs, but the testamentary usufruct should have equal dignity and rights. Mrs. Roy was given the use and fruits of the expropriated property until her death. Had a transfer of the property occurred in another manner, her rights would have been protected. They should be protected here as well.
LSA-C.C. Articles 1956 and 21 permit this suggested solution.
I respectfully dissent from the refusal to grant a rehearing.