CHEHARDY, Chief Judge.
This is a devolutive appeal from a judgment of the district court which denied the appellant Harold J. Goffinet’s petition to homologate the final account in a succession proceeding. The case is presented on the following facts.
Alvera Behrman Mercurio Goffinet died intestate on December 30, 1986. She was survived by her second husband, Harold J. Goffinet, and by the adult child of her first marriage, Bonnie Mercurio Boutwell. In August of 1987 Ms. Boutwell filed for appointment as administratrix of the succession. On November 30, 1987 the district judge confirmed her appointment, pending the furnishing of a $5,000 bond and her performance of other legal prerequisites. An apparently identical order was filed and signed by the judge on January 20, 1988. On March 7, 1988 Ms. Boutwell filed a $10,000 surety bond, executed on February 22, 1988 by Aetna Casualty and Surety Company, with no expiration date. She also filed letters of administration, an oath of office and a sworn descriptive list of the deceased’s property.
*952 In September, 1988, the deceased’s surviving spouse, Harold J. Goffinet, moved for appointment as administrator of his wife’s estate. In motion he alleged that Ms. Boutwell’s appointment as administra-trix of the succession should be revoked because she had failed to qualify for the office. The district judge revoked Ms. Boutwell’s appointment ex parte and appointed Mr. Goffinet as administrator pending the filing of security and a detailed descriptive list.
Mr. Goffinet filed a sworn descriptive list, letters of administration, an oath of office and a $16,000 personal surety bond. In October of 1988 he filed a tableau of distribution. Notice of the filing was published on November 3, 1988. The tableau was homologated by judgment of November 18, 1988.
On March 29, 1989 Mr. Goffinet filed a petition to homologate the final account; a rule to show cause was fixed for August 24, 1989.
On August 24, 1989 Ms. Boutwell filed a petition to annul the order of appointment. Therein she challenged both the revocation of her own appointment and the subsequent appointment of Mr. Goffinet as succession representative. By apparent agreement of counsel the court treated Ms. Bout-well’s petition for nullity as a motion to traverse Mr. Goffinet’s petition to homol-ogate the final account. While there are no written reasons for judgment, the colloquy between the court and counsel indicates that the judge accepted Ms. Bout-well’s argument that the final account should not be homologated because Ms. Boutwell had previously been removed as administratrix, without contradictory hearing, LSA-C.C.P. art. 3181. The district judge denied Mr. Goffinet’s petition to ho-mologate the final account and subsequently denied his motion for new trial.
Mr. Goffinet has appealed citing manifest error in the district court’s denial of homologation. When the appeal was lodged, we questioned our jurisdiction to entertain the matter in two respects. Mr. Goffinet has since filed a signed judgment, LSA-C.C.P. art. 1911. The second jurisdictional defect, the absence of an appealable judgment, obliges us to dismiss the appeal. LSA-C.C.P. art. 2083.
Only final judgments or interlocutory judgments which may cause irreparable injury are appealable. LSA-C.C.P. art. 2083. A final judgment is one “that determines the merits in whole or in part.” LSA-C.C.P. art. 1841. Though not necessarily the last judgment in a case, it is a ruling that addresses and adjudicates a real controversy between the parties. Oliphint v. Oliphint, 219 La. 781, 54 So.2d 18 (1951). Quite clearly the judgment appealed is not final.
In the orderly conduct of a succession proceeding a prudent administrator is obliged to file a final account. LSA-C.C.P. art. 3332. Such a filing reflects the money and other property received by and in the administrator’s possession at the beginning of the accounting period, the revenue, other receipts, disbursements and the disposition of property during the period, and the remainder in his possession at the end of the period. LSA-C.C.P. art. 3333. We believe that the administrator must prove the correctness of every item in the account, whether it is opposed or not. Succession of Caranne, 147 So. 562 (La.App. 1 Cir.1933). Absent such showing we think the district court may not, indeed must decline to, homologate the final account. Succession of Aronson, 168 La. 887, 123 So. 608 (1929).
The judgment before us merely declines to approve the final account as presented. It does not order amendment, acknowledge any claim, request additional information, impliedly approve an alternate account or preclude a refiling. Compare Succession of Daste, 195 So.2d 292 (La.App. 4 Cir.1967), aff'd 210 So.2d 521 (La.App. 4 Cir.1968, mod. 254 La. 403, 223 So.2d 848 (1969). The ruling in no way adjudicates the rights or interests of parties to, or persons interested in, the succession proceeding; it merely determines preliminary matters in the course of the suit. The judgment is interlocutory. Mestayer *953 v. Mestayer, 311 So.2d 632 (La.App. 3 Cir.1975).
An appeal is granted on an interlocutory judgment which results in irreparable harm. LSA-C.C.P. art. 2083. This showing must be made; it is not presumed. Cashio v. Cashio, 364 So.2d 188 (La.App. 1 Cir.1978). The standard is defined as error which as a practical matter cannot be corrected on appeal. Herlitz Construction Company, Inc. v. Hotel Investors of New Iberia, Inc., 396 So.2d 878 (La.1981). No allegation of harm has been made in the instant case. Our review of appellant’s assigned errors in the most tolerant and liberal view does not reveal even a suggestion of this argument.
For the reasons assigned the appeal is dismissed. Appellant is cast for costs.
APPEAL DISMISSED.