hWICKER, Judge.
This lawsuit arises out of an automobile accident in which the truck the plaintiff, Alfred Gurtner, was driving was rear-ended by a vehicle driven by Willie Pipes, defendant. Gurtner was in the course and scope of his employment at the time and was driving a truck owned by his employer, Salathe Oil Company. Gurtner and his wife filed suit against Pipes, Pipes’ lability insurer, Colonial Lloyds, and Salathe’s uninsured/underin-sured motorist (UM) insurance carrier, Ranger Insurance Company.[1] Colonial Lloyds later was declared insolvent and the Louisiana Insurance Guaranty Association (LIGA) was substituted as defendant in its place. Counsel for LIGA filed an answer on behalf of Pipes as well as LIGA.[2] Aetna Casualty and Surety Company, Salathe’s worker’s compensation insurer, intervened in the suit to recover worker’s compensation benefits it had paid to Gurtner.
In November 1993, Ranger filed a motion to set the case for trial, thereby certifying that issue had been joined and that all preliminary matters had been disposed of. The trial court set trial for January 1994. In December 1993, however,J^Ranger filed a cross-claim against Pipes, asserting that as UM insurer it was entitled to indemnification from Pipes for any amounts beyond the first $10,000 of any award for which it might be cast in judgment. Ranger effected service of the cross-claim on Pipes through counsel for LIGA, who was representing him on the main demand.
Counsel for LIGA filed a motion to dismiss the cross-claim, purportedly on behalf of Pipes, on the grounds that LIGA counsel could not represent Pipes on the cross-claim, because LIGA statutorily had no duty to defend him on that issue, and contended that it would be necessary for Pipes to obtain his own counsel.[3] Since that would delay trial of the matter, the motion requested dismissal of the cross-claim.
Ranger opposed the motion to dismiss the cross-claim, asserting that the motion was moot because the basis for it was lack of time for Pipes to prepare for trial, but the trial had been continued to May 1994.
After hearing argument on the motion, the trial judge determined that the motion to dismiss the cross-claim should properly be converted to a motion to quash service of process. The court then granted the motion to quash service and ordered Ranger to effect personal service of the cross-claim on Pipes. The judge stated he felt Ranger has to serve Pipes and, if necessary, he would sever trial of the cross-claim from trial of the main demand, so it could be tried separately and would not delay trial of the main demand. Ranger then took this suspensive appeal.
On examining the record on appeal, we noticed an apparent jurisdictional defect in that the judgment did not appear to be ap-pealable. Accordingly, we ordered the appellant to show cause why the appeal should not be dismissed.
In response to our order, Ranger filed a supplemental brief arguing that Willie Pipes has waived any claim he has regarding improper service because the motion to ^dismiss did not raise any issue of service, but only contested whether Pipes had suffi- *704 dent time to prepare for the originally-scheduled trial date. Further, Ranger asserts Pipes has not opposed the appeal, which has been opposed solely by LIGA, which is not a party to the cross-claim. Although the trial court nevertheless “converted” the motion to dismiss the cross-claim into a motion to quash service, Ranger contends “the effect of the motion is the same: the cross-claim was dismissed.” Ranger thus contends the judgment was a final, appeal-able judgment.
Alternatively, if the judgment is viewed as an interlocutory judgment, Ranger asserts it will suffer irreparable harm in that the main demand has already been tried to a jury, Pipes was represented by counsel who defended the claims against him on the merits, and if the matter is not now determined on appeal the case will proceed to final judgment without a ruling on the cross-claim, which Ranger claims is a defect that cannot be remedied on appeal.
We find no merit to these arguments. The judgment on appeal did not dismiss the cross-claim, which is still viable; it simply ordered the cross-claimant to effect proper service. Under La.Code Civ.P. art. 2083, an appeal may be taken only from a final judgment or from an interlocutory judgment which may cause irreparable injury. A final judgment is one that determines the merits in whole or in part. La.Code Civ.P. art. 1841. “It is a ruling that addresses and adjudicates a real controversy between the parties.” Succession of Goffinet, 565 So.2d 951, 952 (La.App. 5th Cir.1990). Since the judgment does not dispose of any of the merits of the case, it is not a final judgment.
Nor does it present any question of irreparable injury. La.Code Civ.P. art.. 1038 permits separate trials and separate judgments in principal and incidental actions. La.Code Civ.P. art. 1915 permits partial final judgments on either principal or incidental demands when tried separately as provided by Art. 1038. Art. 1915 also provides that if an appeal is taken from a partial final judgment, the trial court 1retains jurisdiction to adjudicate the remaining issues in the case. Therefore, the judgment here is not an ap-pealable interlocutory judgment. Review of this type of ruling is by writ rather than by appeal.
For the foregoing reasons, the appeal is dismissed and the matter is remanded to the district court for further proceedings on the cross-claim in due course.
APPEAL DISMISSED.

. Colonial Lloyd's policy limits were $10,000; Ranger's policy limits were $1,000,000.

. LIGA asserts that pursuant to the Insurance Guaranty Law statutes, after LIGA became involved Ranger's policy "dropped down” and became the primary coverage to the extent of its limits.

. LIGA asserts it is statutorily protected from any contribution or indemnity claim by Ranger, that Pipes is not insured for Ranger's cross-claim, and therefore he faces significant excess exposure and is entitled to obtain his own counsel. •